NATIONAL LIFE & ACCIDENT INSURANCE COMPANY OF
NASHVILLE, TENN., *v.* SHEROD.

Opinion delivered October 30, 1922.

1. INSURANCE—PROOF OF DENIAL OF LIABILITY.—Contention that there was no proof that the insurer denied liability is met by proof that the insured went to former's general office and was informed by some one in apparent authority that he had been paid all that was due him under the policy and would not receive anything more.

2. APPEAL AND ERROR—INSTRUCTION HARMLESS WHEN.—In an action on an insurance policy, any error in an instruction "if you find that the defendant did not deny liability under the policy you may find for plaintiff if you find for him only such sum for which proof was made, as provided by the terms of the policy," is harmless, if erroneous, where the jury by their verdict disregarded the instruction by finding that defendant denied liability.

3. INSURANCE—LIMITATION.—Where an accident policy limited insured's action to two years from accrual of right, insurer could not avail itself of such limitation if it failed to plead it; and it is therefore unnecessary to determine whether Crawford & Moses' Dig., § 6153, abrogates such stipulations in policies of this character.

4. INSURANCE—ATTORNEY'S FEES.—Recovery of attorney's fees was not procluded on the ground that insured asked for more than he was entitled to, where the verdict was for less than the amount asked by crediting insurer with an amount previously paid.

Appeal from Crittenden Circuit Court, Second Division; *J. M. Futrell,* Judge; affirmed.

*A. B. Shafer,* for appellant.

In the absence of evidence showing that the appellant had knowledge of the acts or conduct of any agent denying liability under the policy, the court should have directed a verdict for the defendant. 97 Ark. 378; 10 Ala. App. 395. 212 Mass. 318; 98 N. E. 1086; 156 Pac. 327.

Appellant was entitled to its requested instruction No. 3 to the effect that appellee was not entitled to recover benefits unless accrued within two years of the filing of the complaint. The court declined to give the

instruction upon the authority of C. & M. Dig., sec. 6153, but this section is limited to actions upon policies for life and property insurance. See 185 Pac. 656.

A penalty should not have been assessed, as the recovery was for a less amount than that sued for. 92 Ark. 378; 205 S. W. (Ark.) 118.

*Berry & Wheeler,* for appellee.

Appellant did not plead that the appellee's action was barred either by statute or contract. This is a matter which must be specially pleaded. 1 C. J. 494, par. 270; 51 Ark. 351.

The words "on property or life" used in C. & M. Digest, sec. 6153, are not words of limitation, but are general and cover all kinds of policies. See 151 N. W. 593, L. R. A. 1916 A, p. 475; 141 Mo. 115; 47 S. W. 948.

Penalty and attorney's fees were properly allowed under the rule laid down in 102 Ark. 675 and 103 Ark. 1.

McCULLOCH, C. J. Appellant is a foreign insurance company issuing life policies with clauses affording indemnity against sickness and accident. Appellant issued to appellee a policy dated August 28, 1916, for payment of the sum of $99.75 in the case of death, with sick and accident benefits in the sum of seven dollars per week. The policy contained the following clause with respect to the payment of weekly benefits:

"Weekly benefits for accident will only be paid for each period of seven (7) consecutive days that the insured is, by reason of accidental injury, disabled from work of any nature, and there must be external evidence of such injury for the time paid. The number of weekly benefits payable under this policy in any twelve (12) consecutive months is limited to twenty (20)."

Appellee sustained physical injury by the accidental explosion of dynamite, on account of which he lost the sight of both eyes, lost his left arm below the elbow, and his right hand was crippled so that he could not pursue

his ordinary vocation. He made claim in apt time for the twenty payments during the first year of his disability, which were paid, and the present action was instituted November 4, 1921, to recover twenty weekly payments for each of the four years subsequent to the first payment and prior to the institution of the action. The suit, in other words, was for twenty weekly benefits for four years, making a total sum of $560 sought to be recovered.

It was alleged in the complaint that appellant was totally disabled for life and was entitled to benefits from year to year as long as he kept his policy in force, which he had done. It was also alleged that proper proofs had been offered to appellant, but that liability had been denied by appellant.

On the trial of the cause it was shown that in August prior to the institution of the action demand had been made for the payment of the accrued benefits, and the jury returned a verdict in favor of the appellee for $553 and for twelve per centum damages. The court rendered judgment accordingly, and also rendered judgment for attorney's fees.

There was proof introduced by appellee to the effect that, after the payment of twenty benefits during the first year, appellee applied to appellant's office in Memphis, and there was a denial of liability.

The first contention of counsel for appellant, as grounds for reversal, is that the claims asserted were premature, and that the refusal to pay was therefore justified and that there was no ground for recovery on these claims without new proof. The testimony was against appellant on this issue, however, and the verdict of the jury has settled the issue against it.

It is also contended that the evidence is not sufficient to show that liability was denied by appellant or any of its authorized agents. Counsel is mistaken in asserting that there is no testimony on that issue, for appellee himself testified that he went to the office of appellant, to which he was directed, and had a conversation with

one in apparent authority, who ordered him out of the office and told him that he had already been paid all that was due him under the policy and would not receive anything more. There was evidence warranting the inference that the place visited by appellee was really appellant's general office and that the denial of liability was made by some one there in authority.

It is next contended that the court erred in giving the following instruction:

"If you should find that the defendant did not deny liability under the policy under instructions given you, you may find for plaintiff, if you find for him only such sum for which proof was made, as provided by the terms of the policy."

The contention is that there was no evidence to support a finding that proof was duly made of any amounts in addition to what was paid. It appears that appellant, in its answer, admitted that it had, through error, declined to pay two weekly benefits upon proper notice. This was sufficient to justify the instruction given by the court and warrant a finding of the jury for at least a sum covering two weekly benefits. However, the jury disregarded this instruction, for they found for the full amount of the subsequent benefits, and necessarily found that there had been denial of liability, otherwise they would not have found for the amount that they did find. There is no claim that proofs were made for the benefits in each of the years. The instruction therefore was harmless; even if it was erroneous.

It is contended that the court erred in refusing to give an instruction concerning the limitation in the contract as to time for the commencement of the action on the policy. The policy contained a clause to the effect that no action should be maintained in any of the courts to recover unless instituted within two years from the accrual of the right of action. It is sufficient to say in reply to this contention that the answer contained no plea presenting the issue as to limitation. Appellant

did not plead this clause of the contract, and it was therefore not available as a defense, and it is unnecessary for us to determine whether or not the statutes of this State (Crawford & Moses' Digest, sec. 6153) abrogate such stipulations in policies of insurance of this character.

Finally, it is contended that the court erred in rendering judgment for penalty and attorney's fees, for the reason that the recovery was seven dollars less than the amount asked for in the complaint. It appears that the jury credited the amount of a previous payment of seven dollars and thus reduced the recovery to that extent. Appellant was entitled to plead this payment, and the jury allowed the same as a credit; therefore it is not a case where less was recovered than the amount demanded. *Queen of Ark. Ins. Co.* v. *Bramlett,* 103 Ark. 1.

Judgment affirmed.