BUSSELL *v.* MISSOURI PACIFIC RAILROAD Co.

5-3153                                                      376 S. W. 2d 545

Opinion delivered March 16, 1964.

*Williamson, Williamson & Ball, Coleman, Gantt & Ramsay,* for appellant.

*W. J. Smith, Robert V. Light,* for appellee.

FRANK HOLT, Associate Justice. This case results from a railroad crossing accident. It occurred when a Missouri Pacific freight train and a tractor-trailer truck collided where the railroad tracks cross the "new Monticello by-pass" portion of State Highway No. 81 at a right angle. The driver of the tractor-trailer, Ben Edward Bussell, was killed, the truck was practically demolished and part of its cargo destroyed. The train engine, two freight cars and a portion of the railroad track were damaged. The appellant, Mrs. Helen Louise Bussell, widow of the deceased truck driver and administratrix of his estate, and the appellant, Burks Motor Freight Line, Inc., owner of the truck, brought suit against the appellees, Missouri Pacific Railroad Company and W. B. Keahey, the engineer of the train, for the recovery of damages. The appellees responded by a general denial and appellee Railroad Company by counterclaim sought to recover its property damages from appellant Burks only. Appellant Burks and appellee Railroad Company stipulated as to the amount of the actual property damages sustained by each of them.

Upon trial the jury denied any recovery to the appellants upon their joint complaint. It awarded $10,828.59 to the appellee Railroad Company upon its coun-

814

terclaim. On appeal the appellants do not question the sufficiency of the evidence nor assert any error in the presentation and reception of the evidence. The appellants rely for reversal upon alleged errors by the trial court in the giving of certain instructions on behalf of the appellees.

Appellants first contend that the court erred in giving appellees' Instruction No. 7 which defined "unavoidable accident". There is no contention that it is an incorrect statement of the law. The specific objection made is that there was no evidence presented in the case to justify giving such an instruction. Appellants argue the instruction was abstract and had the effect of misleading the jury. The jury was not misled inasmuch as it returned a verdict which, in effect, found the appellees were free from negligence and the appellants were guilty of 100% negligence. The giving of an erroneous instruction is harmless error where the jury was not misled or the jury rejects the theory of the instruction. *National Life & Accident Ins. Co.,* v. *Sherod,* 155 Ark. 381, 244 S. W. 436; *Wright* v. *Covey,* 233 Ark. 798, 349 S. W. 2d 344; 5A C.J.S., Appeal & Error, § 1773 (1) p. 1245. In *Sutton* v. *Nowlin & Sons,* 232 Ark. 223, 335 S. W. 2d 292, we said:

"* * * the verdict cancelled any error in the matter of the Comparative Negligence Instruction and rendered harmless the giving of the wrong Comparative Negligence Instruction".

It cannot be said that the appellants were prejudiced by the court giving this instruction, if erroneous, since the verdict rendered it harmless.

The appellants next contend that it was error to give appellees' requested Instruction No. 8. This instruction pertains to the duty of travelers approaching a known railroad crossing. The appellants specifically objected to this instruction as being a comment on the weight of the evidence and that it is incoherent, confusing, and misleading. A careful reading of this instruction convinces us that it is not susceptible to such objection. This

instruction merely recites the duty of a motorist approaching a railroad crossing, as we have so often defined. *St. Louis, I M & S R Co.,* v. *Coleman,* 97 Ark. 438, 135 S. W. 338; *Missouri Pacific R Co.,* v. *King,* 200 Ark. 1066, 143 S. W. 2d 55; *Missouri Pacific R Co.,* v. *Carruthers,* 204 Ark. 419, 162 S. W. 2d 912. The instruction generally was a correct statement of the law. In fairness to the trial court the appellants should have specifically pointed out in what manner they considered the instruction confusing and misleading. Thus, the court would have had an opportunity to make any correction if necessary. *Phoenix Insurance Co.,* v. *Flemming,* 65 Ark. 54, 44 S. W. 464; 53 Am. Jur., Trial, § 828, p. 608; *Ratton* v. *Busby,* 230 Ark. 667, 326 S. W. 2d 889; *Lemm* v. *Sparks,* 230 Ark. 105, 321 S. W. 2d 388.

The appellants argue that the words ''position of peril'' form an inappropriate term in Instruction No. 8. No such specific objection was made to the use of these words in Instruction No. 8. Furthermore, no objection whatsoever was made to the giving of appellees' Instruction No. 18 which defined ''position of peril''. We find no merit in any of appellants' arguments attacking this instruction.

Appellants next urge that it was error to give appellees' Instruction No. 9. This instruction, according to appellants, ''attempts to state the general proposition that travelers approaching a railroad crossing may be assumed to act in response to the dictates of ordinary prudence and will stop before endangering themselves on the track in the path of the oncoming train''. The objections appellants made to this instruction were the same as to Instruction No. 8, i.e., it tended to comment on the evidence and was incoherent, confusing and misleading. We do not agree. Again the appellants do not specifically point out just how this instruction comments on the weight of the evidence or is misleading. The appellants do not specify how the instruction inaccurately defines the law in respect to the duty of a motorist. This instruction is a cogent statement of the permissible scope of the presumption trainmen can make in the operation

of a train and is consistent with repeated declarations of this court. *Blytheville, L & A S R Co.,* v. *Gessell,* 158 Ark. 569, 250 S. W. 881; *Missouri Pacific R Co.,* v. *Davis,* 197 Ark. 830, 125 S. W. 2d 785; *Missouri Pacific R Co.,* v. *Merrell,* 200 Ark. 1061, 143 S. W. 2d 51. The instruction is a correct statement of the law. The contention by appellants that it is abstract comes too late as such objection was first raised on appeal. Further, there was evidence bearing on the issue as to when the engineer first saw the deceased approaching the crossing and when he first applied the train's brakes to avoid the collision.

Appellants next contend that it was reversible error for the court to give appellees' Instruction No. 12. This instruction advised the jury that the purpose of the statute which requires railroads to maintain signs at crossings is to provide a notice or warning to travelers using the highway that a railroad crossing exists and that if the warning boards at this crossing "gave notice of the existence of the crossing to travelers at a time when they could avoid entering a position of peril by the exercise of due care", then "a difference between the stautory specifications and the specifications to which these signs were built would not be evidence of negligence that was a proximate cause of this accident." Appellants object on the basis that the instruction is an incorrect statement of the law in the instant case; that the evidence shows these signs did not perform the purpose of warning travelers of the existence of the crossing; and that this instruction ignores Ark. Stat. Ann. § 73-717 (Repl. 1957) relating to warning boards required at railroad crossings. It is undisputed that a crossarm sign existed at a distance of approximately thirty-nine feet from either side of this crossing. These signs were lettered "RAILROAD CROSSING" in letters six inches high. However, the statute mentioned above provides the letters shall be at least nine inches high with the legend: RAILROAD CROSSING — LOOK OUT FOR THE CARS WHILE THE BELL RINGS OR THE WHISTLE SOUNDS.

It is well settled law that the violation of a safety statute is evidence of negligence. However, it is required that such negligence be a proximate cause of the injuries before the rule is applicable in a particular case. *Missouri Pacific R Co., v. Price*, 182 Ark. 801, 33 S. W. 2d 366; 65 C.J.S. Negligence, § 105, p. 654. Furthermore, when we review this instruction together with appellants' Instruction No. 3 which is predicated upon Ark. Stat. Ann. § 73-717, we do not find them in conflict. Appellants' Instruction No. 3 told the jury that violation of this statute, "although not necessarily negligent, is evidence of negligence to be considered by you along with all the other facts and circumstances in the case." The sole purpose of these crossarm signs was to give notice of the crossing. The evidence is undisputed that the decedent had traveled this road and crossing almost every week for some eighteen months preceding this collision. Also, there existed five hundred twenty-eight feet from this crossing an oval sign warning of the railroad crossing.

Appellants also argue that this instruction is defective in that it is a comment upon the evidence, the word "travelers" is vague, the term "position of peril" is misleading. None of these objections were raised at the time of the trial and we cannot first consider them here on appeal. Appellants further argue that the instruction fails to take into account other signs and lighting conditions in the vicinity of the crossing. No such objection was made. If the appellants considered they were entitled to an instruction relating to the effect, if any, other signs and lighting conditions along the highway and at the railroad crossing might have had upon motorists, or the deceased in particular, they should have offered such an instruction and they did not do so.

The appellants also contend that the giving of appellees' Instruction No. 13 was reversible error. We do not agree. This instruction enunciated the burden of proof required of the appellants. The appellants specifically object on the basis that it is "repetitive and redundant" which "tends to give unnecessary and undue

emphasis" upon appellants' burden of proof and "tends to amount to a comment by the court upon the evidence required" of the appellants. We do not agree. This instruction, *inter alia,* advises the jury not to guess, speculate or surmise in arriving at their verdict. This is a proper limitation upon the jury. In the case at bar all of appellants' instructions, twenty-one in number, were given covering appellants' theory of the case. The appellees offered twenty-one instructions and the court excluded four of them in giving the jury appellees' theory of the case. It cannot be said that repetition in the giving of some instructions can always be avoided. It is consistent repetition with undue emphasis that should be avoided. *Goodin* v. *Boyd-Sicard Coal Co.,* 197 Ark. 175, 122 S. W. 2d 548; *Furlow* v. *United Oil Mills,* 104 Ark. 489, 149 S. W. 69; *Hutcheson* v. *Clapp,* 216 Ark. 517, 226 S. W. 2d 546. Upon a review of the instructions as a whole, in the instant case, we do not find undue stress or emphasis to exist. We have reviewed the other arguments advanced by appellants under this point and find them without merit.

We next consider appellants' objection to appellees' Instruction No. 21 as modified and given by the court. This instruction pertains to a safety regulation promulgated by the Interstate Commerce Commission pursuant to its authority to make such regulations as provided in 49 U.S.C.A. § 304. Appellants' main objection to this instruction is that the "violation of an ICC safety regulation cannot be evidence of negligence, since such regulation is, by its very nature, nonlegislative in character." Appellants contend that the giving of this instruction was reversible error. We cannot agree. In the very recent case of *Ratton* v. *Busby, supra,* we recognized that a regulation promulgated by an appropriate agency of the federal government effectively establishes a standard of conduct, the violation of which would be evidence of negligence. It is well settled that the rules and regulations of the Interstate Commerce Commission have the force and effect of law as though prescribed in terms by the statute. *Atchison, T. and S.F.R. Co.,* v. *Scarlett,* 300

U.S. 471; *Interstate Motor Lines, Inc.*, v. *Great Western Ry. Co.*, 161 F. 2d 968 (10 Cir., 1947); *New Amsterdam Cas. Co.*, v. *Novick Transfer Co.*, 274 F. 2d 916 (4 Cir., 1960); Restatement, Torts, § 285. Furthermore, the duty imposed by this regulation is less rigorous than that required by Ark. Stat. Ann. § 75-637 (a) 4. (Supp. 1963) which appears applicable in the instant case. The appellants also contend that this instruction was improper because of the absence of evidence that the deceased truck driver was aware of the existence of such a safety regulation. The president of the truck line testified, however, that preceding this collision booklets containing safety regulations, including this particular one, were distributed to each of the drivers employed by Burks for the drivers' information and compliance. We find no merit in any of the objections to this instruction as argued by the appellants.

Appellants further contend that the giving of appellees' Instructions Nos. 15, 19 and 20 was reversible error. Instruction No. 15 relates to the statutory duty of appellee Railroad Company concerning the blowing of its whistle or ringing its bell. Instruction No. 19 was a general observation on the duty of drivers of vehicles to exercise ordinary care for their safety and the safety of others. Instruction No. 20 related to the duty of the appellee Railroad Company to erect automatic warning devices at a grade crossing under abnormally dangerous circumstances. We have carefully examined appellants' general and specific objections to these instructions, as well as the others discussed, and find them without merit.

It becomes unnecessary for us to consider the appellees' contention that the evidence adduced in this case did not make a submissible issue for the jury inasmuch as we find no reversible error in the questioned instructions.

The judgment is affirmed.