ARK. STATE HIGHWAY COMMISSION v. COVERT.

5-2176                                          338 S. W. 2d 196

Opinion delivered September 19, 1960.

*Dowell Anders, O. Wendell Hall, Jr., Thomas B. Keys,* for appellant.

*Ben M. McCray,* for appellees.

SAM ROBINSON, Associate Justice. This appeal arises from an action of eminent domain brought by the appellant, Arkansas State Highway Commission, to condemn about one-half acre of land in Saline County belonging to appellees, G. N. Covert and Fannie Covert, his wife. The land was condemned for the purpose of constructing an interchange on Highway 67-70 near Benton.

On January 24, 1958, appellant filed a complaint and declaration of taking and deposited $9,500 as estimated just compensation for the land. Upon trial the jury returned a verdict in favor of appellees and fixed their damages at $16,500.

Appellant filed a motion for new trial on the ground that the jury verdict was not supported by substantial evidence. The lower court denied this motion and the sole issue on appeal is whether such denial was error.

Appellees offered the testimony of three witnesses as to the value of the land. Mr. Covert, the landowner, testified the value to be $17,500. Mr. John Huchingson, a real estate broker, testified the value to be $16,000 or $16,500. Mr. Fred Harville, a real estate salesman, testified the value to be $15,000. In contrast, appellant offered as evidence the testimony of Mr. Ernest P. Shumaker, the president of mortgage, real estate and appraisal firms, whose value was $9,200, and Mr. Herbert Hooten, an appraisal reviewer for the Highway Department, whose value was $9,500.

Whether there is substantial evidence to support the verdict is a question of law. *Ark. State Highway Comm.* v. *Byars,* 221 Ark. 845, 256 S. W. 2d 738; *Ark. State Highway Comm.* v. *Dupree,* 228 Ark. 1032, 311 S. W. 2d 791.

Only two of the five witnesses testified that the value of the land taken was as much as the award made by the jury. We must, therefore, examine their testimony to determine if it is of such force as to substantially support this award.

Mr. Covert, who was 78 years of age at the time of trial, testified that he acquired the land in 1945. It is a lot 315' x 80' on which were situated a house and a blacksmith shop. The house was 16' x 50' and contained three rooms and a bath. The blacksmith shop was 30' x 70', constructed of wood, with a paper and sheet roof and a dirt floor. Near the close of Mr. Covert's testimony, the following occurred:

"Q. Taking into consideration, Mr. Covert, that if you were willing to sell that property and somebody came along willing and able to buy, what would you consider to be the fair market value of the property?

A. $17,500.00."

As we said recently in *Lazenby* v. *Ark. State Highway Comm.,* 231 Ark. 601, 331 S. W. 2d 705, the owner of the land being condemned may be allowed to testify regarding the market value of the land if the testimony shows he is familiar with such matters. The record does

not reflect that appellee's right to so testify was questioned.

On direct examination Mr. Huchingson related the location and dimensions of the land and described the improvements. He stated he was familiar with the term "fair market value" as meaning that value arrived at by a seller willing to sell and a buyer willing to buy. He stated the value of the property in his opinion was $16,000 or $16,500.

On cross-examination Mr. Huchingson testified that he arrived at the valuation by using his experience in buying, selling and listing property in Saline County over a period of twelve years. He said there were no sales of similar property with which he could compare appellee's property. He classified the property as commercial rather than residential and said he figured the property as a unit and did not separate it as to land and improvements. He did not place individual values on the house or blacksmith shop.

This is the type of case that presents one of the most difficult problems this Court must face. It is well established that if there is any substantial evidence to support a verdict, it must be affirmed on appeal. However, whether there is substantial evidence to support the verdict is, as we said earlier, a question of law and not of fact. As we pointde out in the *Byars* case, *supra,* the problem becomes more complex in differentiating between *any* evidence and *substantial* evidence. Although appellant presents a strong argument to the contrary, we cannot say that the evidence of the two witnesses detailed above does not substantially support the verdict of the jury.

Affirmed.