ARK. STATE HIGHWAY COMM. *v.* WEBSTER.

5-2979                                    367 S. W. 2d 233

Opinion delivered April 22, 1963.

[Rehearing denied May 27, 1963.]

*Dowell Anders* and *Thomas B. Keys,* for appellant.

*Fred M. Pickens, Jr.* and *Wayne Boyce,* for appellee.

FRANK HOLT, Associate Justice. The appellant, Arkansas State Highway Commission, brought this action in an eminent domain proceeding against Rufus Webster and Pearl Webster, appellees, for the acquisition of a fee simple title to .12 of an acre of their land for the use and purpose of widening an existing hard-surface highway. This land was part of a tract of 1.58 acres owned by the appellees. Upon a jury trial the verdict resulted in favor of the appellees and their damages were assessed in the sum of $2,250.00.

On appeal, the appellant contends that the trial court committed reversible error in admitting into evidence the landowner's exhibit No. 3 which is a photograph. The picture represents a view of the Webster and adjoining property before completion of the construction or widening of the highway. It depicts the flooded condition of

the newly graded ditch following a heavy rain. Mr. Webster testified that the water almost covered his driveway. There were other pictures in evidence of a different nature depicting various views of the property before and after the taking thereof which tended to aid the jury.

From the testimony surrounding the introduction of this picture we think it is clear that the jury understood, as reasonable men certainly would understand, the evidentiary value of this questioned picture when considered along with the other pictures introduced in evidence. We think the admissibility of this photograph, under the facts in this case, comes well within the sound discretion of the trial court. We have consistently said:

" * * * The admission, relevancy and materiality of photographs as evidence is left to the discretion of the trial judge and, unless that discretion has been abused, his ruling will not be disturbed."

*McGeorge Contracting Co.* v. *Mizell,* 216 Ark. 509, 226 S. W. 2d 566. See, also, *Lee* v. *Crittenden County,* 216 Ark. 480, 226 S. W. 2d 79. There was no abuse of discretion by the court in the instant case in admitting this photograph into evidence. Also, it was sufficiently accurate to be of some aid and value to the jury on the issue before them. There is no proof in this case that this particular picture was misleading to the jury and, therefore, prejudicial to the appellant. *Southern National Insurance Co.* v. *Williams,* 224 Ark. 938, 277 S. W. 2d 487.

The appellant further contends that the landowner's witness, D. L. Buffington, did not know the width of the old right-of-way and did not take into consideration the construction of the new highway in arriving at the landowner's damages. From a review of Mr. Buffington's testimony we think that he was sufficiently knowledgeable of those factors in determining his estimate of the landowner's damages.

Next, the appellant complains that its witness, Curtis Hutchins, was not permitted to testify fully about the distance from the proposed right-of-way line to the outer limits of the construction as reflected by a sketch map.

From a study of the record in this case we find that upon the introduction into evidence of this sketch map as an exhibit to Mr. Hutchins' testimony the following occurred:

"Q. What are the construction limits on these particular plans?

A. The construction limits of Mr. and Mrs. Webster's property, the construction will lack roughly from 10 to 12 foot going out to the present right-of-way line before the additional taking of the 13 feet. In other words, we will have the additional taking and another roughly 12 feet between the present right-of-way line and the construction line."

In view of this testimony we are of the opinion that this point is not well taken.

Appellant next contends the court should have given its requested Instruction as to the measure of damages. Appellant argues that the true measure of damages, as reflected in the requested instruction, is the difference between the value of the land before the *construction* and the value after *construction* of the highway. The court instructed the jury that the measure of damages would be the difference between the fair market value of the entire tract of land before the *taking* and the fair market value of the remaining land after the *taking* for highway purposes. We have consistently approved the rule that the measure of damages is the difference between the fair market value of the affected lands before and after the taking of the landowner's property. In *Board of Directors, St. Francis Levee Dist.* v. *Morledge,* 231 Ark. 815, 332 S. W. 2d 822, we said:

"By a long line of decisions we have established that the determination of the damage, in cases like these, is to be measured by what the property was reasonably worth before the taking, and what the remainder of the property is worth after the taking."

See, also, *Pulaski County* v. *Horton,* 224 Ark. 864, 276 S. W. 2d 706; *Arkansas State Highway Comm.* v. *Fox,* 230 Ark. 287, 322 S. W. 2d 81.

We have also said that the measure of damages is the value of the land before the construction and after the construction of a road. *Herndon* v. *Pulaski County,* 196 Ark. 284, 117 S. W. 2d 1051. In the particular case before us, we think the same result would be reached by applying either method in determining the damages. We find no prejudice to appellant's rights by the refusal of the requested instruction.

The appellant also contends there is no substantial evidence to support the verdict of the jury. Whether there exists substantial evidence to support a jury verdict is a question of law. *Arkansas State Highway Commission* v. *Covert,* 232 Ark. 463, 338 S. W. 2d 196. The Websters, the landowners, testified that they purchased this property in 1956 for the sum of $4,950.00; that in March of 1960 they moved upon the property; that before the taking by appellant in May, 1961, they made sufficient repairs for the dwelling to be liveable and they restored an existing building adequately to conduct therein a profitable cafe and tavern business. They testified that as a result of appellant's taking a 13 foot strip across the front of their property abutting upon the existing highway, the parking area for customers would be reduced from a space for twenty (20) cars to ten (10) cars, or a fifty per cent reduction. They testified that before the taking their property was worth $10,000.00 and after the taking, $5,000.00. Thus, they estimated their damages to be the sum of $5,000.00.

Mr. Buffington, a real estate dealer and appraiser in that locality, testified for appellees that the property was worth $8,600.00 before the taking and $6,000.00 after the taking. Consequently, the appellees had been damaged in the sum of $2,600.00. Mr. James Parish, another local realtor and appraiser, testified for appellees that before the taking he placed a value of $8,500.00 on appellees' property and after the taking a value of $5,500.00, making a difference of $3,000.00 in the fair market value. Mr. Curtis Hutchins, a staff appraiser for the appellant, testified that before the taking he considered the property to be worth $5,600.00 and after the taking to be of the value of $5,225.00. Therefore, in his opinion the land-

owner's damage would be $375.00. Mr. Wesley Adams, an appraiser for appellant, testified that the value before the taking was $6,025.00 and after the taking the value was $5,625.00. Thus, the damage to the appellees' property was $400.00. From these several witnesses we have the variance from $5,000.00 to $375.00 as the damages to appellees' property.

We have consistently held that in determining the sufficiency of the evidence to support a verdict we must view the evidence, with every reasonable inference arising therefrom, in a light most favorable to the appellee and if there is any substantial evidence to support the verdict rendered by the jury, the triers of the facts, we will not disturb it on an appeal. *Arkansas State Highway Comm. v. Addy*, 231 Ark. 381, 329 S. W. 2d 535; *Arkansas State Highway Comm. v. Covert, supra.*

We view the evidence in this case to be sufficiently substantial to support the jury verdict of the award of damages. Therefore, we affirm.