SWIFT *v.* BARKER.

5-3016 370 S. W. 2d 71

Opinion delivered June 3, 1963.

[Rehearing denied September 9, 1963.]

*McMath, Leatherman, Woods & Youngdahl,* for appellant.

*Cockrill, Laser, McGehee & Sharp,* for appellee.

SAM ROBINSON, Associate Justice. This case grows out of the collision of an automobile and a pickup truck at the intersection of Eighth and Maple Streets in North Little Rock. Appellant, Swift, was driving his pickup west on Eighth Street, and appellee, Barker, was driving his car north on Maple when the vehicles collided at the intersection. Swift sued Barker alleging personal injuries and property damage. The case was tried to a jury and from a verdict and judgment in favor of Barker, Swift, the plaintiff, has appealed.

First, appellant contends that there is no substantial evidence to support the verdict for the defendant. Contributory negligence was one of the defenses relied on by appellee. The jury could have found from the evidence that the appellee got into the intersection first.

The collision occurred at the northeast quarter of the intersection, and it will be recalled that appellant was going west and appellee was going north. Furthermore, the jury could have found from the evidence that appellant was negligent in failing to keep a lookout for other users of the streets, and in failing to make any effort to stop, and thereby avoid the collision. Appellee did attempt to stop, as shown by the fact that there were about 12 feet of skid marks behind his car; but there were no skid marks behind appellant's pickup. Moreover, the evidence is pretty clear that appellant ran into the side of appellee's car. There is evidence that there was no damage at all to the front of appellee's automobile.

This court said in *Spink* v. *Mourton*, 235 Ark. 919, 362 S. W. 2d 665, (Dec. 17, 1962): "Owing to the fact that the plaintiff has the burden of proof—that is, the burden of persuading the jury that he is entitled to win the case—a directed verdict for the plaintiff is a rarity. As we said in *Woodmen of the World Life Ins. Soc.* v. *Reese*, 206 Ark. 530, 176 S. W. 2d 708: 'A verdict upon an issue of fact should not be directed in favor of the party who has the burden of proof with respect thereto, unless such fact is admitted, or is established by the undisputed testimony of one or more disinterested witnesses and different minds cannot reasonably draw different conclusions from such testimony.' "

Appellant also contends that the court was in error in giving the last part of appellee's instruction No. 1. The instruction reads as follows: "You are instructed that under the laws of the State of Arkansas it was the duty of plaintiff Robert L. Swift and the defendant James Barker to exercise ordinary care in the operation of their vehicles to avoid injury to themselves and to others, and a failure to exercise such care would be negligence. You are further instructed that ordinary care requires every person who operates a motor vehicle upon a public highway to keep a lookout for other vehicles, and to have his own vehicle under such control as will enable him to check its speed or to stop it absolutely if necessary to avoid injury where danger is apparent or

reasonably to be anticipated. Danger may always be expected or anticipated at intersections and every driver must keep a lookout and approach same with his vehicle under control. *A failure to keep a lookout or to keep one's car under control is not negligence within itself, but if you find that there was a failure in this regard by either party then you may consider such failure along with all the other facts and circumstances in the case in determining if that party was negligent."* Only a general objection was made.

While we do not approve that part of the instruction which tells the jury that "A failure to keep a lookout or to keep one's car under control is not negligence within itself . . ." we think that in the circumstances of this case, appellant should have made a specific objection in order to call the trial court's attention to the alleged error. The first part of the instruction is good, and there is no contention that it is bad. The court said in *Chicago R. I. & Pac. Ry. Co.* v. *Glascock,* 187 Ark. 343, 59 S. W. 2d 602: "It is next contended that the court erred in giving appellees' requested instruction No. 1, objected to, which was written in three different paragraphs. No specific objection was made to any of them, but only a general objection was made to the instruction as a whole. At least two of the clauses are correct statements of the law, and conceding, not deciding, the other incorrect, since the instruction was not wholly wrong, the defect should have been reached by a specific objection and not a general one. No error was committed in giving it. *Darden* v. *State,* 73 Ark. 315, 84 S. W. 507; *St. Louis I. M. & So. Ry. Co.* v. *Barnett,* 65 Ark. 255, 45 S. W. 550."

But the thing in particular that impresses us with the necessity for a specific objection in the case at bar is the fact that appellant asked for, and the court gave, an instruction containing almost the identical language objected to by appellant in appellee's instruction No. 1. In appellant's requested instruction No. 5, given by the court, certain statutes are quoted and then the instruction reads: "A violation of the above statutes, if estab-

lished by a preponderance of the evidence is not negligent within itself but is evidence of negligence . . ." Assuming, without deciding, that there is a valid reason why the language in question would be objectionable in the instruction requested by appellee, but not objectionable in the instruction requested by appellant, we think the distinction should have been called to the attention of the court by specific objection.

Appellant also argues that the court erred in giving appellee's instruction No. 5, which reads: "You are instructed that if you find and believe from the evidence in this case that James Barker lawfully entered the intersection of Eighth and Maple Streets before the vehicle operated by Robert Swift entered the intersection, then you are instructed that Barker was entitled to proceed through the intersection unmolested and this would be true, even though you might find that Barker failed to stop before entering Eighth Street. Notwithstanding the fact that Eighth Street is a through street, if Barker was lawfully in the intersection, then it was Swift's duty to yield the right-of-way to Barker."

The instruction is not inherently erroneous, and no specific objection was made.

Affirmed.