Riggan *v.* Langley.

5-3373                                       383 S. W. 2d 661

Opinion delivered November 16, 1964.

*Robert N. Hardin, Ed McDonald* and *Ben McCray,* for appellant.

*Cockrill, Laser, McGehee & Sharp* and *Burl C. Rotenberry,* for appellee.

Frank Holt, Associate Justice. The appellants, Tommy Riggan and his father, James A. Riggan, brought this action against the appellee, P. J. Langley, for the recovery of damages resulting from an automobile collision. A jury trial resulted in a verdict and judgment for the appellee. For reversal of this judgment the appellants first contend that the court erred in permitting the introduction of pictures of the roadway where the accident occurred. Appellants argue that the pictures were inadmissible because they were taken a year after the acci-

dent and at a time when the conditions of the road had been changed. The pictures in question represent different views of the road at the crest of the hill where this accident occurred, the scene of the accident itself, and the location of certain vehicles exactly as they were following the accident.

The accident occurred when appellants' vehicle collided with an oncoming car while going around appellee's unoccupied vehicle which was parked partially on the road and in a roadside ditch. Appellee's evidence shows that in all material respects the photographs substantially represented conditions as they existed on the day the collision occurred with the exception that the roadside ditch was not as deep because of the grading of the road in the interim. Any variance in the road conditions, as well as the time interval of one year, was fully explained to the jury. The true test of the admissibility of photographs into evidence depends upon the fairness and accuracy of the portrayal of the scene. *Wheeler Admx.* v. *Delco Ben,* 237 Ark. 55, 371 S. W. 2d 130. In *Powell Brothers Truck Lines, Inc.* v. *Barnett,* 196 Ark. 1082, 121 S. W. 2d 116, we said:

"* * * It makes no difference, of course, when a picture was taken, if the evidence shows that the conditions are the same as when the accident occurred, or when the evidence shows the difference, if there is any." Also, see 20 Am. Jur., Evidence, § 731; *Jewell Tea Co.* v. *McCrary,* 197 Ark. 294, 122 S. W. 2d 534, and *Southern National Insurance Co.* v. *Williams,* 224 Ark. 928, 277 S. W. 2d 487. The admissibility of photographs as an aid to the jury is a matter within the sound discretion of the trial judge and unless that discretion is abused we do not disturb the trial court's ruling. *McGeorge Contracting Co.* v. *Mizell,* 216 Ark. 509, 226 S. W. 2d 566. In the case at bar we think the trial court correctly admitted the photographs in evidence. The jury was not misled since the evidence fully apprised the jury of any variance in any material conditions.

The appellants next contend that the court erred in giving appellee's Instruction No. 8 to which a general

objection was made. This standard instruction defined the duties of both the appellants and the appellee with respect to keeping a proper lookout and a vehicle under control. The final sentence of this instruction tells the jury that the failure to meet the defined standard of care is negligence. Appellants urge that the court should have told the jury that violation of these "rules of the road" is only evidence of negligence. The question presented is somewhat similar to the one considered in *Wright* v. *Covey*, 233 Ark. 798, 349 S. W. 2d 344.

" * * * In many instances it is proper to say that a certain fact, such as the violation of a statute, is merely evidence of negligence rather than negligence in itself. *Gill* v. *Whiteside-Hemby Drug Co.*, 197 Ark. 425, 122 S. W. 2d 597. But this instruction is not confined to a particular fact; it is concerned with the plaintiff's failure to exercise such care as would be exercised by a reasonably prudent person. It must be obvious that the plaintiff's failure to conform to that standard of care is negligence, simply because that is really the legal definition of negligence."

This instruction was not inherently erroneous and the fallacy, if any, should have been reached by a specific objection in order to give the court the opportunity to correct it. *Swift* v. *Barker*, 236 Ark. 805, 370 S. W. 2d 71; *Bussell* v. *Missouri Pacific RR Co.*, 237 Ark. 812, 376 S. W. 2d 545. No error was committed in giving this information.

Appellants' final contention is that the court erred in giving appellee's Instruction No. 9 as modified. This instruction also defined several statutory "rules of the road" applicable to the issues in this case. In giving appellee's instruction the court modified it by including verbatim one of appellants' instructions which purported to be verbatim Ark. Stat. Ann. § 75-647 (a) (Supp. 1963). However, it omitted certain words from this statute. Thus, this invited error cannot be assigned to the trial court. *The Home Company* v. *Lammers*, 221 Ark. 311, 254 S. W. 2d 65.

Finding no error, the judgment is affirmed.