Carmie DeSalvo et al v. Arkansas Louisiana Gas Co.

5-4171                                            412 S. W. 2d 822

Opinion delivered March 27, 1967

*George J. Cambiano,* for appellant.

*Gordon & Gordon,* for appellee.

Paul Ward, Justice. This litigation began when the Arkansas Louisiana Gas Company (appellee) filed a suit to condemn a right-of-way (for the purpose of installing a gas line) eight feet wide across 120 acres of land belonging to Carmie DeSalvo and A. B. DeSalvo, and their wives (appellants).

The jury verdict, in favor of appellants, was for the amount of $1,250, and for a reversal appellants rely solely on the following point:

The court erred in denying appellant's Motion to set a. 'de the verdict and for a new trial.

The Motion, in pertinent part, reads:

"It is the contention of defendants that said verdict is wholly inadequate to compensate the defendants for the damages to their land and crops, and that the verdict is not consistent with the evidence. . ."

At the beginning of their brief it is stated that "The main question appears to be what are the damages to the lands of the defendants".

In view of the manner in which this case comes to us for a decision, there being no question raised about the competency of evidence introduced or the instructions given by the court, we must affirm the judgment unless we can say, as a matter of law, it is inadequate.

We note that this case was apparently not tried by the usual rule announced in the case of *Ark. State Highway Comm.* v. *Webster*, 236 Ark. 491 (p. 493), 367 S. W. 2d 233, where we quoted with approval:

" 'By a long line of decisions we have established that the determination of the damage, in cases like these, is to be measured by what the property was reasonably worth before the taking, and what the remainder of the property is worth after the taking."

The testimony relative to the damages suffered by appellants is set out at length by several witnesses in a record consisting of more than 375 pages, and it is abstracted at length in the briefs. Considering the sole

issue involved we deem it sufficient to set out only a brief summary of the pertinent testimony.

There was a taking of approximately 3.70 acres of wood and pasture land, and approximately two acres of a vineyard. There was testimony fixing the damages in excess of the verdict but there was also contradicotry testimony. The major item of damages related to the vineyard. Damages to this item depended largely on the cost of restoration and the anticipated profits derived from the sale of grapes, about which there was a wide difference of opinions. There was, in this connection, a question whether the cost of production was being taken into consideration.

A consideration of all the testimony leads us to conclude that these matters presented fact questions for the jury to decide, and, viewing the testimony in the light most favorable to appellee, we cannot say the jury verdict was arbitrary as a matter of law. In the *Webster* case, *supra,* we said:

> "We have consistently held that in determining the sufficiency of the evidence to support a verdict we must view the evidence, with every reasonable inference arising therefrom, in a light most favorable to the appellee and if there is any substantial evidence to support the verdict rendered by the jury, the triers of the facts, we will not disturb it on an appeal."

Affirmed.

FOGLEMAN, J., disqualified.