HOME INSURANCE COMPANY *v.* Carroll P.
WILLIAMS, Individually and as Father and Next
Friend of Bruce WILLIAMS, A Minor

5-5858                                          482 S.W. 2d 626

Substitute Opinion delivered July 3, 1972

[Rehearing denied July 3, 1972.]

*Griffin Smith,* for appellant.

*Gordon, Gordon & Eddy,* for appellee.

Frank Holt, Justice. Appellee brought this action against appellant to enforce the uninsured motorist provision of appellant's policy issued to appellee. Appellee alleged that his minor son, Bruce, was crossing a public highway when he was struck by an uninsured automobile owned by Gene Darter and driven by James L. Ward. Appellant answered and denied that the vehicle involved was uninsured within the meaning of the policy and alleged that the accident and injuries resulted from the negligence of appellee's son. Appellant also

secured a court order which required that appellee amend his pleadings to assert his claims against Darter and Ward and Ward's business partner as third party defendants pursuant to the Uniform Contribution Among Tortfeasors Act, Ark. Stat. Ann. § 34-1007 (Repl. 1962). In response, the appellee asserted that this joinder statute was inapplicable. Subsequently, appellant agreed that the joinder of the third party defendants under § 34-1007 was incorrect. Appellant asserted, however, that its joinder motion should have been predicated upon § 66-4006 (repl. 1966) which provides for subrogation up to the extent of any amount appellant paid under its uninsured motorist coverage. Upon trial date, the appellee successfully asserted that he was not required to join anyone as a third party defendant pursuant to § 66-4006 because it provides only for subrogation "[i]n the event of payment to any person under the coverage required by this section***." A jury trial then resulted in a verdict for the appellee under the uninsured motorist provisions of the policy.

For reversal of that judgment appellant contends that it was an error for the trial court to dismiss the actual tortfeasors and to require appellant to defend alone. Appellant argues that under the provisions of the policy and through the dictates of fairness, the third parties allegedly responsible for appellee's damages should be made co-defendants by the appellee himself in any suit against appellant arising out of the uninsured motorist coverage. We find no merit in this contention. It is true that the policy issued by appellant provided for the "Assistance and Cooperation of the Insured." This clause states that "in any action against the Company, the Company may require the Insured to join such person or organization as a party defendant." However, this provision was not specifically pleaded, and it is relied upon for the first time on appeal. In *Universal Life Ins. Co. v. Howlett*, 240 Ark. 458, 400 S.W. 2d 294 (1966), we said: "In an action upon an insurance policy a general denial merely puts the plaintiff to his proof; an affirmative defense, such as an exception in the policy, must be specially pleaded." See, also, *Stucker v. Hartford Accident & Indemnity Co.*, 220 Ark. 472, 248 S.W. 2d 383 (1952). In our view, it was necessary for the appellant to specifically invoke the "cooperation" clause in the

trial of the case. Instead, appellant sought to compel plaintiff-appellee to join the alleged tortfeasors pursuant to § 34-1007 and § 66-4006 which are inapplicable. Further, in *Hartford Accident & Indemnity Co. v. Warren*, 246 Ark. 323, 438 S.W. 2d 31 (1969), it was asserted that a judgment against the uninsured motorist was a condition precedent to an action against the insurer under its uninsured motorist clause. In rejecting this argument, there we cited as controlling our decision in *MFA Mutual Ins. Co. v. Bradshaw*, 245 Ark. 95, 431 S.W. 2d 252 (1968) where we held that an insured has the option of suing either his insurer or the uninsured motorist or both; also, that the insurer itself is not prevented from cross-complaining against the uninsured motorist, or proceeding by a separate action against an uninsured motorist after payment of a judgment in favor of its insured. Similarly, in the circumstances here, we deem that decision controlling. In the case at bar, the trial court correctly held that appellant-insurer could not compel the appellee-insured to join the alleged tortfeasors as co-defendants with appellant pursuant to either of the two statutes invoked by appellant.

However, as we have said, the appellant definitely has the right to make the alleged tortfeasors defendants by a cross-complaint. *MFA Mutual Ins. Co. v. Bradshaw, supra.* We observe that in appellant's motion to compel the appellee-insured to make the tortfeasors third party defendants appellant, also, alleged entitlement to a judgment over against them in the event a recovery resulted in favor of the appellee-insured against appellant. This motion was granted ex parte and summons was issued against the third party defendants. Each of these alleged tortfeasors responded by filing separate answers or general denials. Each, also, appeared at trial to defend. In appellant's amended answer, after its joinder motion was granted and the tortfeasors had responded, the appellant reiterated "that if it is held responsible for any sum it is entitled to judgment against third party defendants for such amount. WHEREFORE, Home Insurance Company prays dismissal, or judgment against third-party defendants as an alternative." The alleged tortfeasors, themselves, never interposed any objection to being made par-

ties to the lawsuit. In the circumstances, we hold that the pleadings and issues, as joined, after the court's refusal to *compel appellee* to continue his litigation by including the tortfeasors as his third party defendants, constituted a cross-complaint by the appellant-insurer. This is in accord with our well established procedure that for the purpose of determining the effects of pleadings the "*** allegations shall be liberally construed.***" Ark. Stat. Ann. (Repl. 1962), § 27-1150. In interpreting this statute, (numerous cases cited there), we have said a liberal construction requires that every reasonable intendment should be indulged in favor of the pleader and effect should be given to substance rather than form regardless of the name of the pleading. It follows that it was error not to treat appellant's pleadings as a cross-complaint.

Appellant next contends for reversal that the vehicle involved was not uninsured and there was adequate evidence to that effect. We cannot agree. The insurance policy provides, *inter alia,* that a vehicle is uninsured if "with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder***" The driver of the car and its owner testified that their individual liability insurance carried disclaimed coverage. A copy of a letter from Darter's insurer to that effect was made an exhibit. In the circumstances, this undisputed evidence was of a substantial nature and adequate.

Appellant next asserts for reversal that certain photographs were erroneously admitted into evidence. Appellant asserts that the photographs were objectionable because they were taken from a point far distant from the scene of the accident. One shows a school crossing sign approximately 1,000 feet from the point where the accident occurred. A marked crossing for the school children was 335 1/2 feet from the accident scene. Appellee's minor son was injured when he and a companion, following school's dismissal, crossed the road at another point, unindicated by a marking, often used by school children going to football practice. Each picture also portrays the scene of the accident. The failure to keep a proper lookout was one of

the allegations of negligence. There was evidence that the accident occurred at about the time children were leaving school. Where photographs protray a scene, with fairness and accuracy, it is within the sound discretion of the trial judge to determine their admissibility as an aid to the jury. *Riggan* v. *Langley*, 238 Ark. 649, 383 S.W. 2d 661 (1964); *Arkansas State Highway Comm.* v. *Webster*, 236 Ark. 491, 367 S.W. 2d 233 (1963). In the case at bar we cannot agree with appellant that the trial court abused its discretion in admitting the photographs.

For the error in not treating appellant's pleadings as constituting a cross-complaint, the judgment is reversed and the cause remanded.

Reversed and remanded.