James RATLIFF *v.* Jimmy MOSS

84-82                                        678 S.W.2d 369

Supreme Court of Arkansas
Opinion delivered November 5, 1984

*L. David Stubbs,* for appellant.

*Bridges, Young, Matthews, Holmes & Drake,* by: *Michael J. Dennis,* for appellee.

ROBERT H. DUDLEY, Justice. The plaintiff contends that the trial court erred by dismissing his complaint and amended complaint. We affirm. Jurisdiction is in this court to construe the Arkansas Rules of the Supreme Court, Rule 29 (1)(c).

In the complaint, which sounded in tort, plaintiff alleged that he was employed by the defendant and was injured by a fellow employee. The complaint did not contain an allegation of negligence on the part of the defendant nor did it contain an averment of negligence by the fellow employee. It recited only that plaintiff was injured when an employee dropped a piece of equipment on his leg.

The defendant filed a Motion to Dismiss for failure to state facts upon which relief could be granted. ARCP Rule 12 (b)(6). Concurrently, defendant filed an answer denying liability.

The defendant next filed a motion for summary judgment in which he pleaded that recovery was barred by the fellow servant rule. In response, the plaintiff acknowledged the fellow servant rule but pleaded that he would file an amended complaint in which he would allege negligence on the part of the defendant. The plaintiff then filed his amended complaint. The real issue on appeal is whether the amended complaint contains a statement of facts showing that the plaintiff is entitled to relief. The pertinent part is as follows:

2. That in addition to the allegations contained in the Complaint filed on January 19, 1983, the plaintiff alleges herein that the defendant, Jimmy Moss, was personally present at the time of the incident on November 5, 1981; that the employees of the defendant were acting under the specific supervision of the defendant; that the directions of the defendant, Jimmy Moss, in describing how he wanted each piece of equipment handled by his employees were erroneous in that he described an improper procedure for the repair of the equipment. The plaintiff herein alleges negligence of the defendant, Jimmy Moss, in demanding and directing the action of his employees in an erroneous and negligent manner, such actions being the proximate cause of the negligent injury to the plaintiff herein.

Later, defendant's motions were set for hearing. At that hearing, the trial court announced that he was granting summary judgment on the original complaint and dismissing the amended complaint because it "contains conclusions, not particulars. . . " The order reflects that summary judgment was granted.

On appeal, plaintiff contends that the fellow servant rule is an affirmative defense which must be pleaded by

answer, or else it is deemed waived. ARCP Rule 8. Thus, the plaintiff concludes, the case must be reversed. He also contends there are facts in dispute.

We do not reach the issues raised by the plaintiff because, even if the trial court announced the wrong reason for its ruling, an appellate court will sustain the judgment if it is right. *Armstrong* v. *Harrell,* 279 Ark. 24, 648 S.W.2d 450 (1983). The trial judge in this case reached the right result since the original complaint did not aver negligence on the part of the fellow employee, only an incident and an injury, while the amended complaint merely concluded that the defendant erroneously described and directed a negligent procedure. It did not state any facts.

Rule 12 (b) (6) provides for the dismissal of a complaint for "failure to state facts upon which relief can be granted." Since Rule 12 (b) (6) provides for testing the complaint, it must be read in conjunction with Rule 8, which sets out the requirements of the complaint. Rule 8 provides:

> A pleading which sets forth a claim for relief, whether a complaint, counterclaim, cross-claim, or third-party claim, shall contain . . . (2) *a statement in ordinary and concise language of facts showing that the pleader is entitled to relief, . . .* (Emphasis supplied)

Both the complaint and the amended complaint failed to make a "statement in ordinary and concise language of facts showing that the pleader is entitled to relief because neither contains a factual allegation of any act of negligence. Thus, they were correctly dismissed under Rule 12 (b) (6) for "failure to state facts upon which relief can be granted." *See Harvey* v. *Eastman Kodak Co.,* 271 Ark. 783, 610 S.W.2d 582 (1981).

The dismissal should have been for failure to state facts upon which relief was granted and should have been without prejudice. If that procedure had occurred, the

plaintiff would have had an election on whether to plead further or appeal. However, the dismissal order recites that it is on summary judgment and so plaintiff never was afforded a chance to plead further. Accordingly, we modify the order of the lower court to the extent that the dismissal is without prejudice.

Affirmed as modified.

GEORGE ROSE SMITH, J., and HOLLINGSWORTH, J., concur.

GEORGE ROSE SMITH, Justice, concurring. I join in the majority opinion, but I take this opportunity to express my personal view that we should prospectively abolish the fellow servant doctrine. It was created during the industrial revolution, by court decisions, and rested on the theory that a workman was free to leave his employment at any time and therefore could not recover for the negligence of a fellow servant with whom he chose to work. Prosser, Torts, § 80 (5th ed., 1984); Harper & James Torts, §§ 21.3 and 21.4 (1956). It was actually a form of assumed risk, the courts taking the position that a servant assumed the risk of his fellow servant's negligence and of dangers that were open and obvious. And, inasmuch as any slight contributory negligence completely defeated recovery, the fellow servant doctrine was a bar to recovery as between employer and employee.

All those doctrines have been generally abolished by our legislature. Comparative fault has superseded contributory negligence and assumed risk. Ark. Stat. Ann. §§ 27-1763 and -1764 (Repl. 1979). The fellow servant doctrine has been superseded by the worker's compensation law. Ark. Stat. Ann. § 81-1304 (Repl. 1976). The doctrine still exists, as an anachronism, in rare litigation between employers and employees not subject to the compensation law. It has no place in society today. It was judicially created and should be judicially interred.

P. A. HOLLINGSWORTH, Justice, concurring. The last sentence of the Court's opinion states that the dismissal is

without prejudice. I am in agreement with the result that is finally reached; however, I am not in accord with the Court's failure to address the issue raised by the appellant.

The Court concluded that neither complaint stated any facts. I disagree. We have held that pleadings are to be liberally construed and that they are sufficient if they advise a defendant of his obligations and allege a breach of them. *Allied Chemical* v. *Van Buren Sch. Dist.*, 264 Ark. 810, 575 S.W.2d 445 (1979). We have also held that "a liberal construction requires that every reasonable intendment should be indulged in favor of the pleader and effect should be given to substance rather than form regardless of the name of the pleading." *Home Ins. Co.* v. *Williams*, 252 Ark. 1012, 482 S.W.2d 626 (1972).

I believe that liberally construing the pleadings filed in this case, they are sufficient. The appellant informed the appellee of the date the incident occurred, the location, and the parties involved. Further he explained what act on the part of the appellee he considered negligent — the erroneous instructing of the appellee's employees. Therefore, he notified the appellee of his obligations and of a breach of those obligations. I think the complaints meet the test and were sufficient.

Therefore, I would reach the issue raised by the appellant where he contended that the fellow servant rule is an affirmative defense which must be pleaded by answer, or else it is deemed waived. ARCP Rule 8. In his answer, the appellee issued a general denial and asserted that appellant's injuries were caused by his own negligence. Because he did not affirmatively plead the fellow servant rule, the defense is waived. The case should be reversed and remanded with orders to let the case proceed to trial on the issues.