Carl PETTIT *v.* ALLSTATE INSURANCE COMPANY

CA 00-330                                                    37 S.W.3d 675

Court of Appeals of Arkansas
Division III
Opinion delivered February 14, 2001

*Stephen Bennett*, for appellant.

*Huckabay, Munson, Rowlett & Tilley*, by: John E. Moore, for appellee.

JOSEPHINE LINKER HART, Judge. Carl Pettit appeals the dismissal of his complaint against appellee for uninsured motorist benefits. For reversal, he argues that the trial court erroneously concluded that the driver of the vehicle that struck him was not as a matter of law an uninsured motorist as defined by the insurance policy at issue.[1] We disagree with appellant and affirm.

The parties entered into an agreement whereby appellee agreed to provide appellant with $15,000 of coverage for each occurrence of property damage caused by an uninsured auto, the definition of which included "a motor vehicle for which the insurer denies coverage . . . ." Thereafter, appellant was involved in a motor vehicle accident when he was struck by a third party. The third party's insurance carrier, however, determined that its insured was not "legally liable" for the property damage and, accordingly, denied benefits. Thereafter, appellant filed a claim with appellee seeking uninsured motorist benefits; however, appellee also denied appellant's claim. Consequently, appellant brought a declaratory judgment action against appellee seeking both a finding that appellee was liable under the terms of the insurance agreement and damages. Coupled with appellant's complaint was a request for an admission by appellee that an attached document was a true and accurate copy of the insurance policy.

---

[1] Appellant also argues that the trial court erred by denying his motion for summary judgment; however, the order from which this appeal is taken only addresses appellee's motion to dismiss. Accordingly, we will only consider whether the trial court erred in granting appellee's motion.

In response, appellee both admitted that the attached document was a true and accurate copy of the insurance policy and moved to dismiss the complaint, arguing that appellant had failed to state facts sufficient to state a cause of action. Appellant replied by moving for summary judgment, relying in part on appellee's admission that the document was an accurate copy of the policy. At the hearing on the competing motions, the trial court granted appellee's dismissal motion, reasoning that the denial by a third party's insurer that its insured was not *liable* did not constitute a denial of *coverage,* and therefore, the third party did not fit within the policy's definition of an uninsured motorist. From the order embodying this decision comes this appeal.

██ ██ We consider this an appeal of an order granting a motion for summary judgment commensurate with Ark. R. Civ. P. 12(b), which provides in pertinent part that:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . .

In this case, the trial court was presented with and relied on a matter outside the pleadings — the insurance policy — when it considered appellee's motion to dismiss for failure to state facts sufficient to state a cause of action.[2] Because we consider the appealed order to be in the nature of a summary judgment, we review it commensurate with our oft-stated standard of review of such judgments:

> Our review of a trial court's summary judgment focuses on whether the evidence presented by the movant left a material question of fact unanswered. The moving party bears the burden of sustaining the motion, and the proof submitted is viewed in a

---

[2] This point is self-evident after reviewing the findings contained in the order that is the subject of this appeal, which stated:

> The Court, after hearing arguments of counsel, reviewing the pleadings *and other matters,* finds the motor vehicle being driven by Chrispeian Keith was not an "uninsured auto" *as defined by Allstate Insurance policy* and therefore no coverage is owned under Allstate Insurance Company's policy of insurance with Carl Pettit.

(Emphasis added.) These words demonstrate that the trial court relied on the insurance policy, which was not found in the pleadings and became a part of the record in the case by appellee's response to appellant's request for admission.

light most favorable to the party resisting the motion. Once the moving party establishes a prima facie entitlement to summary judgment by affidavits or other supporting documents or depositions, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact.

*Welch Foods, Inc. v. Chicago Title Ins. Co.*, 341 Ark. 515, 518, 17 S.W.3d 467, 469 (2000) (citations omitted). *See also* Ark. R. Civ. P. 56.

■ Appellant argues that the trial court's decision was contrary to *Home Ins. Co. v. Williams*, 252 Ark. 1012, 482 S.W.2d 626 (1972), in which our supreme court rejected the argument made by an uninsured-motorist-coverage provider that an alleged tortfeasor was not an uninsured motorist. The facts of *Williams*, however, are distinguishable from the case at bar. Although it is true that the relevant insurance provision in *Williams* is similar to the provision in this case,[3] it is also true that our supreme court in that case noted that "[t]he driver of the car and its owner testified that their individual liability insurance carrier disclaimed *coverage.*" *Williams*, 252 Ark. at 1015, 482 S.W.2d at 629 (emphasis added). Accordingly, it is our view that the trial court's decision is consistent with, not contrary to, *Williams*, and, as such, we conclude that appellee has successfully demonstrated that there are no genuine issues of material fact and is entitled to a judgment as a matter of law.

Affirmed.

JENNINGS and CRABTREE, JJ., agree.

---

[3] "The insurance policy provides, inter alia, that a vehicle is uninsured if 'with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder . . . .' " *Williams*, 252 Ark. at 1015, 482 S.W.2d at 629.