BROWNE-BRUN WHOLESALE GROCERY COMPANY *v.* HINTON.

Opinion delivered June 24, 1929.

*Joseph R. Brown,* for appellant.

*Cravens & Cravens,* for appellee.

HART, C. J. Appellant sued appellee for $584.55. The particulars upon which the suit is based will appear from our statement of facts.

Appellee denied owing appellant anything, and, by way of cross-complaint, sought to recover $1,000 from appellant for salary due him. According to the evidence for appellant, it is a corporation engaged in the wholesale grocery business at Fort Smith, Arkansas. Fred Browne was its president and general manager, and Walter L. Hinton was a director, and also assisted Browne

in conducting the affairs of the company. On the 18th day of December, 1926, Hinton sold his stock in the company to Frank Brun, and quit its employment. As a part of the transaction Fred Browne, as president, signed a written instrument in which he released W. L. Hinton from any liability whatever on account of the company. When Hinton sold out to Brun he had already collected his salary for the month of December, and owed the company $90 for overdrawn salary. Browne demanded payment of this sum, and Hinton refused to pay him. Hinton also collected $50 rebate on milk bought by the company, and converted this sum to his own use. He also collected brokerage on coffee sold by appellant for a New Orleans firm in the sum of $444.55, and converted the same to his own use.

Browne denied that the company owed Hinton any sum whatever for back salary.

W. L. Hinton was a witness in his own behalf. According to his testimony, he offered to continue in the service of appellant for the balance of the month of December after he sold his stock to Brun, and Browne refused to let him continue in its employment. He stated that the $50 claimed as a rebate was given him by the milk company to be paid to the salesmen engaged in selling the milk, and that the money was used for that purpose, and no part of it was kept by him. He admitted collecting and retaining the commission for the sale of the coffee, but stated that this was a personal transaction of his own, and that appellant had no part in it. Browne refused to take out Federal brokerage license for appellant to sell the coffee, and told appellee that he might act on his own personal account in doing so.

The jury returned a verdict for appellee on the complaint and for appellant on the cross-complaint. From the judgment rendered appellant has duly prosecuted an appeal to this court.

The first assignment of error is that the court erred in instructing the jury that, if the representative of the milk company paid appellee $50 for advertising purposes,

and that this sum was expended for those purposes, appellant could not recover upon this item. There was no error in giving this instruction. It merely presented to the jury the theory of appellee on that point. He testified positively that the $50 was paid him by the milk company and was expended by him through the salesmen in selling the milk. This was done to advertise the milk, and no part of the $50 was used or kept by appellee. Appellee was an assistant manager of appellant, and expended this money for its benefit in the discharge of his duties.

It is next insisted that this instruction is in conflict with an instruction given by the court on the same phase of the case at the request of appellant. We do not deem it necessary to set out the instruction. It is sufficient to say that appellant claims that the instruction told the jury that appellee could not keep the $50 even if he received it for advertising purposes. Conceding that the instruction is susceptible of this construction, it was not prejudicial to appellant. It was more favorable to appellant than it was entitled to. It is plain that, if appellee received the $50 from the milk company for advertising purposes and used it in advertising the milk which was sold by appellant, this was done for the benefit of appellant, and the instruction given at the request of appellant on this point was not correct. It is well settled that an appellant cannot complain because the jury ignored an instruction given at his request that was more favorable than he was entitled to. *Henderson* v. *State,* 91 Ark. 224, 120 S. W. 966; *Sibeck* v. *McTiernan,* 94 Ark. 1, 125 S. W. 136.

It is next insisted that the court erred in instructing the jury that, if appellant, through its president, was aware that appellee was receiving the brokerage on coffee, and thereafter executed the release in evidence, then appellant could not recover. It is claimed that this instruction is inherently wrong because the president was not authorized to make contracts for the corporation unless given such power under the by-laws. We do not agree with appellant in this contention. Browne was president

834

and general manager of appellant. This gave him authority to execute contracts which were necessary to the conduct of the business of appellant. The release was a contract which was necessary to carry on the business, and Browne had the authority to execute it. *Wales-Riggs Plantations* v. *Caston,* 105 Ark. 641, 152 S. W. 282; *C. L. Kraft Co.* v. *Grubbs,* 116 Ark. 520, 174 S. W. 245; and *Southern Bauxite Co.* v. *Brown-Pearson Cash Feed Store,* 172 Ark. 117, 288 S. W. 377.

Finally it is insisted that the court erred in refusing to sustain appellant's plea of limitation to appellee's cross-complaint. The verdict of the jury was in favor of appellant on this phase of the case. Hence no prejudice resulted to appellant. It is well settled that a reversal will not be granted for errors which are not prejudicial to the rights of the complaining party. *Thos. Cox & Son Machinery Co.* v. *Forshee,* 96 Ark. 156, 131 S. W. 454.

We find no prejudicial error in the record, and the judgment will therefore be affirmed.