SOUTHWESTERN GAS & ELECTRIC COMPANY *v.* HALTER.

4-5871
138 S. W. 2d 793

Opinion delivered April 1, 1940.

*Abe Collins,* for appellant.

*Lake & Lake* and *Gordon B. Carlton,* for appellee.

SMITH, J. Appellee sued appellant electric company and a fellow-servant named Williamson to compensate personal injuries alleged to have been sustained by him while employed by appellant and engaged in cutting limbs from a tree which were in contact with electric wires, where the wires passed through a tree in the city of Mena.

Janes, the foreman of the crew of which appellee and Williamson were members, took them to the scene of their work, where they were instructed to trim the tree limbs in contact with the electric wires. The trees were about 25 to 30 feet high and 8 to 12 inches in diameter, and the limbs began to branch out from the trees about 10 or 12 feet above the ground. A ladder 14 feet in length was furnished for climbing the trees, and one of the controverted questions of fact in the case is that concerning the instructions regarding its use. There were two straps at the end of the ladder, intended for use in strapping the ladder to the trees, and the testimony on the part of the electric company was that the men were instructed to always strap the ladder to the tree, when about to climb into it, this for the purpose of preventing the ladder from slipping.

On appellee's behalf the testimony was to the effect that two methods were employed. One was to strap the ladder to the tree. The other was for one employee to hold the ladder in place while another climbed the tree, and that the latter method was the one usually employed and was in use when appellee was injured.

Appellee testified that Williamson held the ladder in place while he climbed the tree, and that it was usual and customary for the employee on the ground to continue holding the ladder until the employee who had climbed the tree had descended.

After cutting away the limb in contact with the wire, appellee started to descend from the tree, and when he placed his foot on the top rung of the ladder it slipped, because Williamson had unexpectedly gone away from his place of employment and was not holding the ladder, as he usually did and had been instructed to do. Appellee fell a distance of about twelve inches, and the stub of the limb which he had just sawed off (which was about an inch and-a-half in diameter, about 18 inches long, and which extended upwards from the tree) struck him between his rectum and scrotum, and inflicted a painful, and, according to his testimony, a serious, injury, to compensate which he was awarded judgment in the sum of $1,500.

Appellant insists that the judgment should be reversed (1) because of appellee's negligence in not strapping the ladder to the tree and in not ascertaining whether Williamson was holding the ladder before stepping on it; (2) that appellee assumed the risk; (3) that the injury was the result of an unavoidable accident, and (4) that there is no substantial evidence showing that appellee's condition was the result of his injury.

These are all questions of fact, which were submitted to the jury under instructions of which no complaint is made.

The testimony shows that if the straps, which had been provided for the purpose of strapping the ladder to the tree, had been used, the ladder probably would not have slipped, but it does not show that strapping the ladder would have prevented it from slipping under any and all circumstances. The testimony does show that the ladder was never strapped to a tree when an employee was present to hold it, and Williamson had held the ladder while other trees were being trimmed.

It is true, as appellant contends, that had appellee looked before stepping on the ladder, he would have observed that Williamson had gone away and was not holding the ladder. Whether, under the circumstances stated, appellee's failure to look was the proximate cause of his injury, appears to us to be a question of fact which was properly submitted to the jury. He did not assume the risk of the negligence of Williamson, who was his fellow-servant. Appellee's testimony is to the effect that it was Williamson's duty to hold the ladder until he had completed his labor and had descended from the tree, and that Williamson had done so while other trees were being trimmed. The accident does not appear to have been unavoidable if Williamson had held the ladder in place, as it was his duty to do. The verdict of the jury has resolved these questions of fact in appellee's favor.

The verdict of the jury is not complained of as being excessive, if appellee's present condition is the result of his injury and if the appellant is liable therefor. Much

of the testimony as to appellee's condition and the cause thereof was given by physicians, who testified as experts and who were asked hypothetical questions. The objection is now made that these questions did not include all the undisputed material facts, as they should have done, and included certain other facts which there was no testimony to establish, as they should not have done. This assignment of error may be disposed of by saying that this objection was not made to the questions at the trial, and it may not now be made here.

The testimony, viewed, as it must be, in the light most favorable to appellee, in determining its sufficiency to support the verdict, is sufficient for that purpose, and the judgment must be affirmed, and it is so ordered.