SUTTON *v.* NOWLIN & SONS COMPANY.

5-2116                                              335 S. W. 2d 292

Opinion delivered May 16, 1960.

[Rehearing denied June 6, 1960]

*James C. Cole* and *Joe W. McCoy*, for appellant.

*Lookadoo, Gooch* and *Lookadoo* and *B. S. Clark* and *Robert S. Lindsey*, for appellees.

ED. F. McFADDIN, Associate Justice. This case results from injuries received by appellant, Lewis Sutton, while unloading, in Arkadelphia, a crated piano which had been shipped by motor carrier from Gulbransen Company in Melrose Park, Illinois, to Nowlin Furniture Company[1] in Arkadelphia. Campbell 66 Express, Inc. (hereinafter called "Campbell") was the motor carrier which picked up the crated piano at point of origin in Illinois, transported it to Little Rock, and transferred it to Superior Forwarding Company (hereinafter called "Superior"), another carrier, for final delivery in Arkadelphia. Appellant, Lewis Sutton, was the truck driver for Superior, and had made delivery of other freight to Nowlin, whose unloading zone was on the sidewalk in front of the store. From the bed of the Superior truck down to the street level was approximately 56 inches. Sutton requested two of Nowlin's employees (Calloway and Davis) to assist him in unloading the crated piano from the truck to the street; and it was while this unloading was in process that Sutton received the back injuries which led to this litigation.

The mishap occurred in September 1956. In October 1958 Sutton filed suit against Nowlin; and later,

---

[1] Nowlin Furniture Company is the trade name of either Nowlin & Sons Company, or Nowlin, Inc. Both companies are parties defendant, and we will refer to them, jointly and severally, by the name, "Nowlin".

joined Campbell as a defendant.[2]  Sutton claimed that
Nowlin was responsible for his injuries because Sutton
alleged that Nowlin was negligent, *inter alia,* in these re-
spects:   that Nowlin had no unloading platform; that
Nowlin failed and refused to furnish a lower bodied
truck into which the crated piano could be placed from
the Superior truck; that Nowlin failed to furnish enough
helpers in the unloading; and that the helpers supplied
by Nowlin were negligent.   Sutton also claimed that
Campbell was negligent because the bill of lading under
which the crated piano moved showed the weight to be
400 pounds, whereas, in truth and in fact, the crated
piano weighed as much as 486 pounds; and that Sut-
ton relied on the weight shown on the bill of lading in
trying to unload the piano, and his injuries came about
because the weight was greater than stated on the bill
of lading.

At the trial Sutton testified that no one directed the
unloading, but each person acted on his own initiative.
Calloway testified that he and Davis merely acted as an
accommodation to Sutton, and that Sutton directed the
method of unloading.  The evidence showed that the three
men undertook the task of unloading; they edged the
crated piano to the rear end of the Superior truck; and
then began to lower one end of the crated piano to the
street.   Davis was in the truck, and Calloway and Sut-
ton were on the street level.  While one end of the piano
was being thus lowered to the street, Sutton claimed that
Calloway let an excessive weight rest on Sutton, so that
Sutton's back gave way and he fell to the street.  Callo-
way denied putting an excessive weight on Sutton, and tes-
tified that Calloway and Davis completed unloading the
piano without Sutton's help.  The case was tried to a
jury, which answered two interrogatories, as follows:

1.  ''Do you find from a preponderance of the evi-
dence in this case that the defendants, Nowlin & Sons

---

[2] Sutton received Workmen's Compensation payments from Su-
perior and its insurance carrier; and when Sutton filed the present
suit against Nowlin and Campbell, Superior and its insurance carrier
intervened and asked that Superior's insurance carrier be subrogated,
as provided by Workmen's Compensation Statute — § 81-1340, Ark.
Stats.

Company, and Nowlin's Incorporated, by its servants, agents and employees, were guilty of negligence and that such negligence, if any, was a proximate cause of the accident and injuries complained of, if any? ANSWER: No."

2. "Do you find from a preponderance of the evidence in this case that the defendant, Campbell 66 Express, Inc., by its servants, agents and employees, was guilty of negligence and that such negligence, if any was a proximate cause of the accident and resulting injuries complained of, if any? ANSWER: No."

Based on the said interrogatories, the Court rendered judgment against Sutton; and he has prosecuted this appeal, claiming (1) that improper testimony was admitted, and (2) that erroneous instructions were given.[3]

I. *Objection Regarding Testimony.* Both of the two officers and owners of Nowlin's Furniture Store testified that Sutton never made any request of either of them for Nowlin's employees to assist in unloading the piano. This occurred:

Q. Mr. Nowlin, is it the duty of either of these employees of Nowlin Furniture Store to ever assist in unloading any freight?

MR. COLE: To which we object, may it please the Court.

A. No, sir.

---

[3] Here is the exact statement of appellant's points: "POINT NO. 1. IMPROPER TESTIMONY WAS ADMITTED.

A. Nowlin's testimony that its employees owed no duty to unload freight.

B. Nowlin's testimony to falsify and contradict its informal judicial admission.

"POINT NO. 2. ERRONEOUS INSTRUCTIONS WERE GIVEN.

A. Nowlin's requested No. 1-A on duty not owed, defining common carriers, etc.

B. Nowlin's requested No. 8 on lending employees.

C. Campbell's requested No. 8 substituting custom and usage for ordinary care and prudence.

D. Campbell's requested No. 16 on assumed risk.

E. Campbell's requested No. 18 submitting wrong comparative negligence law.

F. Campbell's requested No. 19 excusing negligence of defendant's employees."

THE COURT: What is the basis of your objection?

MR. COLE: The basis of the objection is, first, it's just his opinion as to whether it's his duty or not; second, that is a question of law whether there is any duty imposed upon them; third, it's a question for the jury to determine whether or not they failed in that duty.

THE COURT: Overruled."

Certainly Mr. Nowlin would have a right to testify what were the duties of his employees. He testified that he never instructed his employees either to assist or not to assist in unloading any freight from a motor truck; that the employees, Calloway and Davis, were paid at a standard rate of pay per week; and that this unloading occurred at about 11:00 o'clock A.M. on a regular work day. Calloway was asked: "Now, I want to ask you about being paid. Why were you helping Mr. Sutton at this particular time?" Calloway answered that he was helping Sutton as a favor to him.

The point that the appellant urges is that, since Calloway and Davis were on Nowlin's payroll at the time they were helping Sutton, they thereby were Nowlin's employees and it was improper to allow Calloway to say that he was merely helping Sutton, and it was likewise improper to allow Nowlin to say that it was not a part of the duty of Calloway and Davis to help unload the truck. It is claimed that the admission by Nowlin that Calloway and Davis were being paid by Nowlin on the day in question constitutes an "informal judicial admission" that they were working for Nowlin and that, therefore, Nowlin is liable for any negligence by them. The jury's answer to Interrogatory No. 1 renders this argument moot. It does not make any difference for whom Calloway and Davis were working, or whether Nowlin owed any obligation to assist Sutton in unloading the piano, because the jury has found that Nowlin, "by its servants, agents and employees", was not guilty of any negligence that proximately caused Sutton's injuries. The interrogatory has heretofore been copied; and when the jury answered that interrogatory as it did,

such answer rendered moot all questions of who employed whom.

II. *Instructions.* The appellant questions six instructions that were given: two of these were on the request of Nowlin; and four on the request of Campbell. These instructions related to such matters as: common carriers and their duties; weights of shipments; negligence and proximate cause; lending of employees; contributory negligence; and assumption of risk. To copy them *in extenso* would unduly prolong this opinion. We have carefully considered each questioned instruction; and we conclude that appellant's objections to them are without merit to all of the instructions except Campbell's Instruction No. 18. It is true that the Court submitted the wrong Comparative Negligence Statute. The Court framed its instruction under Act No. 296 of 1957; whereas, on the date of Sutton's injuries, the applicable statute was Act No. 191 of 1955; and the Court should have used the Comparative Negligence Rule as stated in the 1955 Act. See *St. L. S. W.* v. *Robinson,* 228 Ark. 418, 308 S. W. 2d 282; and *Mo. Pac. Rr. Co.* v. *Yarbrough,* 229 Ark. 308, 315 S. W. 2d 897. But when the jury answered Interrogatory No. 2 as it did and found that Campbell 66 Express, Inc., "by its servants, agents and employees", was not guilty of any negligence, then the verdict cancelled any error in the matter of the Comparative Negligence Instruction and rendered harmless the giving of the wrong Comparative Negligence Instruction.

Finding no error, the judgment is affirmed.