WHEELER, ADM'X *v.* DELCO BEN.

5-3060                                              371 S. W. 2d 130

Opinion delivered October 14, 1963.

56

*Russell & Hurley,* for appellant.

*Wright, Lindsey, Jennings, Lester & Shults,* for appellee.

FRANK HOLT, Associate Justice. The appellant, Mrs. C. C. Wheeler, brought this action individually and as administratrix of her husband's estate to recover damages resulting from his death in a traffic mishap. The issues were submitted to a jury which resolved them in favor of appellant and assessed damages at $2,500.00. From this judgment appellant brings this appeal.

For reversal appellant relies on three points. The first two points we discuss together since they relate to a hypothetical question. Appellant contends that the hypothetical question was improper in that it was not based on facts then nor later in evidence and not within the knowledge of the physician.

While appellee's counsel was propounding the hypothetical question appellant's counsel objected, stating: "Mr. Lindsey says there is no evidence of contusion to the chest area and I beg to differ there is evidence." Thereupon appellee's counsel stated: "Let me rephrase that and eliminate that . . ." Since no objection was made to the hypothetical question when rephrased, we find no merit in this contention. We cannot consider an objection to a hypothetical question when raised for the first time on appeal. *Southwestern Gas & Electric Co.* v. *Halter,* 200 Ark. 244, 138 S. W. 2d 793; *Chapman* v. *Finkbeiner, Inc.,* 230 Ark. 655, 324 S. W. 2d 348. A review of the testimony in this case convinces us that it fairly supports the content of the hypothetical question. Therefore, a renewal of the objection to the hypothetical question would be of no avail to the appellant in this case. Also, the remedy was available upon the cross-examination to supply any missing facts considered essential in the question. *Shaver* v. *Parsons Feed & Farm Supply, Inc.,* 230 Ark. 357, 322 S. W. 2d 690.

The appellant next contends that it was error for the Court to permit the introduction of two photographs into evidence without the proper foundation being laid. One of these photographs purported to depict the damage to the front end of the vehicle driven by appellee and the other photograph represented the rear end of decedent's vehicle following the collision. The appellant objects to the validity of these photographs because the witness did not take the pictures nor was he present when they were taken. He testified, however, that he observed the condition of the vehicle following the accident and that the pictures fairly represented the condition and damages following the accident. The driver of the third vehicle involved in the accident also verified the accuracy of the photograph of the damages to decedent's vehicle. The test of whether photographs are admissible into evidence depends upon the fairness and correctness of the portrayal of the subject. *Lee v. Crittenden County,* 216 Ark. 480, 226 S. W. 2d 79; *Ark. State Highway Comm.* v. *Webster,* 236 Ark. 491, 367 S. W. 2d 233. We think the test was met in this case. Further, the admissibility of photographs addresses itself to the sound discretion of the Trial Judge. We do not disturb his ruling unless there is an abuse of discretion. *McGeorge Contracting Company* v. *Mizell,* 216 Ark. 509, 226 S. W. 2d 566. Certainly there was no abuse of discretion in the case at bar.

We must affirm the judgment in this case for the further reason that the alleged errors were rendered harmless by the verdict of the jury. In *Thomas Cox & Sons Machinery Company* v. *Forshee,* 96 Ark. 156, 131 S. W. 454, we said: "* * * It is the settled rule of this Court that a reversal will not be granted for errors which are not prejudicial to the rights of the complaining party." Also, see *Browne-Brun Wholesale Gro. Co.* v. *Hinton,* 179 Ark. 831, 18 S. W. 2d 369; *Sutton* v. *Nowlin & Sons Company,* 232 Ark. 223, 335 S. W. 2d 292. In the case at bar the purpose of the hypothetical question was to establish that death resulted from natural causes rather than the accident. The pictures were also offered

to bolster this contention. Since the jury rendered a verdict in favor of appellant on the issues on which recovery was sought, the errors argued by the appellant were eliminated and rendered harmless by its verdict.

Affirmed.