GEORGE HENRY THORNE v. STATE OF ARKANSAS

5447                                    445 S. W. 2d 481

Opinion delivered October 13, 1969

*Fletcher Jackson,* for petitioner.

*Joe Purcell,* Attorney General; *Don Langston* and *Mike Wilson,* Asst. Attys. Gen., for respondent.

J. FRED JONES, Justice. The petitioner, George H. Thorne, has filed an original petition in this court entitled "Petition for Writ of Habeas Corpus and Motion to Quash Detainer Warrant." The prayer is for a "dismissal" of the warrant and for an order directed to the First Division Circuit Court of Pulaski County, Arkansas to withdraw its warrant from the warden of Arizona State Prison.

The facts in the record are essentially these: On November 22, 1966, the prosecuting attorney of Pulaski County filed information charging the petitioner with the crimes of burglary and grand larceny, and on November 23, 1966, a bench warrant was issued for his arrest. The record is not clear whether the warrant was actually served on Thorne. The dates are filled in on the warrant return but only a check mark appears in the spaces provided for insertion of the name of the person

arrested; fees of $2.15 and 15 cents are designated for service and mileage, and the return is signed by Hemphill, Deputy Sheriff. The warrant bears no filing date but the return recites as follows:

"I have this 23 day of Nov. A. D. 1966, duly served the within by arresting the said ....... ............................."

In any event, it appears that Thorne was incarcerated in the Arkansas State Penitentiary on November 23, 1966, under a conviction for a different offense previously committed. On April 20, 1967, the superintendent of the state penitentiary was ordered by the Pulaski County Circuit Judge to release Thorne to the sheriff of Pulaski County for the purpose of being brought before the court for plea and arraignment on the first day of May 1967. At the foot of this order appears the handwritten notation "not at penn," and signed "Hill."

The record reflects that Thorne was discharged from the Arkansas State Penitentiary on April 13, 1967, and that on October 18, 1967, he was arrested in Phoenix, Arizona and was sentenced to twenty years in the penitentiary of that state where he is now incarcerated. Upon learning of Thorne's incarceration in Arizona, a detainer warrant was placed against him in that state.

The record contains copies of two undated and unverified instruments addressed to the Pulaski County Circuit Court. Neither instrument bears a receipt or filing date but they were apparently prepared by, or on behalf of, petitioner Thorne. One of these undated instruments is designated "Motion for a Speedy Trial and Writ of Habeas Corpus Ad Prosequendum," and concludes as follows:

"[T]he Petitioner prays the Honorable Court to grant his MOTION FOR A SPEEDY TRIAL AND WRIT OF HABEAS CORPUS AD-PROSEQUENDUM."

The other undated instrument is designated "Motion to Quash Detainer Warrant," this instrument concludes as follows:

"Movant prays this Honorable Court dismiss the above numbered warrant by virtue of the information herein contained and any other supporting Authorities of which the Court may take Judicial Knowledge."

The jurat on this instrument appears as follows:

"County of Pinal )
                          ss
  State of Arizona )

  Subscribed and sworn to before me this ............ day of

  ....................................., 1968.

  Witness my hand and Seal.

  .........................................

  NOTARY PUBLIC"

Both of these instruments are couched in legal terminology with ample citation of federal and state court decisions. It would appear that Thorne had competent advice in wording the body of the instruments, but none at all in executing them. Neither instrument appears to have been signed by Thorne although his name is typed at the conclusion of both of them. The unexecuted jurat form copied above, indicates that it was prepared for execution in 1968.

An unsigned "Affidavit In Forma Pauperis" appears in the record and bears date of January 23, 1969. That was apparently the date it was prepared and there

is no way to determine whether it accompanied either of the other instruments, and if so, which one. There is no way for us to determine from the record before us, when, if ever, these instruments were received by the Pulaski County Circuit Court. Of course, if they were sent to the Pulaski County Circuit Court, it was no fault of Thorne's that their receipt dates were not noted.

Regardless of when, or whether, these instruments were sent to, or received by, the Pulaski County Circuit Court, the record contains a letter dated December 16, 1968, from Thorne to the circuit judge of the Pulaski County Circuit Court, calling attention to the motion to quash and insisting that favorable action be taken on the petition. This letter does not indicate a willingness to return to Arkansas for trial, but, on the contrary, in speaking of his mother, Thorne says: "She will, however, fight my extradition with all her resources." This letter was followed by one dated January 13, 1969, from Thorne to the clerk of the First Division Circuit Court stating, in part, as follows:

"According to the Post Office's Return Receipt, your office has been in receipt of my motion to Quash and Dismiss Detainer Warrant since December 6, 1968.

As of this date I have received no word of any disposition of this motion."

On January 20, 1969, the First Division Circuit Judge wrote to Thorne as follows:

"Dear Sir:

In Case No. 66458 showing George Henry Thorne, Leo Bryant, Jr. and David Lee Rogers as defendants in a charge of Burglary and Grand Larceny which was filed in this court 11/22/66, my docket reads as follows:

| | |
|---|---|
| 11-22-66 | Rogers to State Hospital under Act 3 |
| 12-5-66 | Bryant plea of Not Guilty, Jury trial May 31 |
| 12-15-66 | Rogers Plea of Guilty, 5 years on Burglary, 5 years on Grand Larceny |
| 5-1-67 | Thorne passed to June 5 |
| 5-18-67 | Bryant Jury waived, court trial June 21 |
| 6-21-67 | Bond Forfeiture Alias Warrant, $2,500 on Alias Warrant on Bryant |
| 7-3-67 | Alias Warrant, Thorne, $2,500 bond on Alias Warrant |

According to the records of this Court, you are a fugitive. It is my understanding of the law that a fugitive has no standing in a court of law until he submits himself to the court for disposition of his case. Therefore, no action has been taken on your petition nor will any be taken until you are returned to the jurisdiction of this court."

On April 10, 1969, Thorne filed his petition in this court and on April 16, 1969, the clerk of this court wrote to the prosecuting attorney of the Sixth Judicial District, as follows:

"Dear Sir:

I enclose a copy of a motion filed in this Court by George H. Thorne which is self-explanatory.

The Court has directed that I call your attention to the case of *Pellegrini* vs. *Wolfe,* 225 Ark. 459 and requests that you let the Court know what action has been or will be taken under the rule stated in that case."

Apparently in response to this letter the prosecut-

ing attorney, on April 22, 1969, filed a motion in the First Division, Pulaski County Circuit Court for a writ of habeas corpus ad prosequendum praying:

".. . that this Court issue a Writ of Habeas Corpus Ad Prosequendum commanding the Warden of the Arizona State Prison, Florence, Arizona, to deliver the defendant, George Thorne, to the United States Marshall for the Eastern District of Arkansas, to stand trial on the above referenced charges."

On April 28, 1969, a hearing was had on this motion and an order was entered by the circuit court as follows:

"The Court finds that its docket so reflects that the defendant herein, George H. Thorne, is a fugitive from this Court and for such reason has no standing before this Court until he submits himself for disposition of his case.

IT IS THEREFORE HEREBY ORDERED that the Motion for a Writ of Habeas Corpus Ad Prosequendum is denied."

On April 25, 1969, the prosecuting attorney wrote to Thorne as follows:

"Enclosed you will find a copy of the Motion for a Writ of Habeas Corpus Ad Prosequendum filed in this case and a copy of the Order denying such Motion.

Should you wish to appeal this Order, you should contact Judge William J. Kirby, First Division, Sixth Judicial District, Little Rock, Arkansas."

We take judicial notice that the terms of the First Division Circuit Court in Pulaski County run from the fourth Monday in September and the First Monday in March each year. Ark. Stat. Ann. § 22-310 (Repl. 1962).

Ark. Stat. Ann. § 43-1708 (Repl. 1964) reads as follows:

"If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after the finding of such indictment, he shall be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner."

Information was filed against Thorne on November 22, 1966. Two terms of the court, after the information was filed, did not expire until the first Monday in March 1968. Thorne's case was set for plea and arraignment on May 1, 1967, which was only two months within the first term of court after the information was filed against him. Thorne had been released from prison in Arkansas on April 13, 1967, and his whereabouts were unknown to the Pulaski County Court authorities until he was taken into custody in Arizona on October 18, 1967, which date was well within the first month of the second term of the Pulaski County Circuit Court after the information was filed against him. Thorne was never committed at all on the charges pending against him in Pulaski County and the Pulaski County Circuit Court could not try Thorne in absentia. Thorne is not automatically entitled to discharge, as a matter of law, under the above statute. Thorne has voluntarily placed himself beyond the territorial jurisdiction of the Pulaski County Circuit Court and is now being detained there against his will. Under our holding in *Pellegrini* v. *Wolfe*, 225 Ark. 459, 283 S. W. 2d 162, Thorne is entitled to a speedy trial in Arkansas just as soon as he comes, or can be brought, within the territorial jurisdiction of the Pulaski County Circuit Court; and he will be entitled to his discharge if the Pulaski County Circuit Court fails, or refuses, to co-operate and assist in regaining territorial jurisdiction over the person of

Thorne regardless of the fact that he is now incarcerated in the Arizona State Prison under a sentence of 20 years.

*Pellegrini* was in exactly the same situation in Texas as Thorne is in Arizona. *Pellegrini* asked for a dismissal of the Arkansas charge against him, or in the alternative that he be brought to Arkansas and tried. The record is not clear whether Thorne has ever asked to be tried in Arkansas or has ever even indicated willingness to be tried in this state. The copy of his undated, unsigned, and apparently unfiled petition, indicates an alternative plea to be tried on the information filed in Arkansas, but his letter to the trial judge, and his petition to this court, do not so indicate.

Be that as it may, Thorne is entitled to relief from whatever burden the hold warrant places on him in Arizona if he wants it. The trial court should have granted the petition filed by the prosecuting attorney, but Thorne is in an awkward position to appeal from a denial of that petition. So we treat Thorne's petition in this court as a petition for a writ of procedento ad judicium* against the Honorable William Kirby, Judge of the Pulaski County Circuit Court, First Division, and in granting the petition we adopt the exact language employed in *Pellegrini*, with only the names of the petitioners and states of incarceration changed.

Arkansas should request Arizona to let Arkansas have Thorne for trial. If Arizona refuses, then Arkansas has done all that is possible, and the two-year-discharge Statute will not inure to the benefit of Thorne. If Arizona requires, as a condition for granting such extradition, that Thorne execute some kind of waiver, then, unless Thorne will accomplish such waiver, he has not brought himself within the purview of the Statutory provision relating to two-term-discharge. If Arizona

---

*See: *Pellegrini* v. *Wolfe, supra; Rodgers* v. *Howard, Judge,* 215 Ark. 43, 219 S. W. 2d 240.

does agree to the extradition on conditions met, then Arkansas must extradite and try Thorne with due diligence or Thorne will be entitled to have the charges dismissed and the warrant/detainer cancelled.

The writ of *procedento ad judicium* is granted, as herein stated.