Will A. McDonald *v.* State of Arkansas

5737                                              484 S.W. 2d 345

Opinion delivered September 11, 1972

*Larry S. Patterson,* for appellant.

*Ray Thornton,* Atty. Gen., by: *John D. Bridgforth,* Asst. Atty. Gen., for appellee.

Carleton Harris, Chief Justice. Will A. McDonald was convicted of forgery in Hempstead County on October 4, 1971, and was also convicted as an habitual criminal. From the judgment entered in conformity with the verdicts, appellant brings this appeal. The first three points for reversal are that the verdict was contrary to the evidence, contrary to the law, and contrary to both the law and the evidence. In other words, it is contended that there was no substantial evidence to support the verdict. The testimony on the part of the state reflected that L. C. Hill, incarcerated in the Hempstead County jail on a drunkenness charge, had in his possession a blank check, his name and address appearing in print on said check, together with the name of the bank, the First National Bank of Hope. Hill did not know what happened to the blank check but he testified that a check made payable to a Jessie Witherspoon in the amount of $45.25, and purportedly signed by Hill, was not his signature but a forgery. He stated that he knew no Jessie Witherspoon, and did not authorize

any person to write such a check, and did not receive any of the money. Jewell Pree testified that she visited appellant, Will McDonald, at the jail, where he was being held. She said that McDonald gave her a check and she identified the check in question (state's exhibit No. 1) as the one given to her, McDonald asking her to cash the check. This was done at the Kroger Store where she purchased some groceries, taking the balance to McDonald. The witness stated that McDonald told her that he had been given the check by another inmate and that the purpose of obtaining the money was for the two men to have sufficient funds to "get out on bond". She said that she was McDonald's girl friend. A deputy sheriff testified that Jewell Pree visited McDonald almost every day, and also talked to several other prisoners. L. B. Greer, Sheriff of Miller County, testified that he received a letter from McDonald while the latter was being held in the jail. This letter was subsequently turned over to Howard Chandler, Questioned Document Examiner for the Arkansas State Police. Chandler stated that he had been in this field of work for sixteen years, had testified in state and federal courts, and had attended the Questioned Document School in Washington, D. C., maintained by the United States Secret Service. The witness who, according to his testimony, examines about 1500 exhibits per month, said that he had examined the check and the letter, comparing the two, listing a number of similarities,[1] and that it was his opinion that the check was written by the same person who wrote the letter. While McDonald himself took the witness stand and denied his guilt, stating that another prisoner, Earl Murphy, gave Jewell Pree the check, and while other witnesses offered testimony to the effect that the other prisoner, Murphy, forged the check, the determination of which witnesses were telling the truth was, of course, a matter for the jury to determine. It is obvious that they accepted the facts as related by the state's witnesses and we find that there was sufficient evidence to sustain the conviction.

It is next asserted that the trial court erred in admitting into evidence the letter which was used by Chandler in making the handwriting comparison since the contents

---

[1] The witness stated "The points of similarity would reach an astronomical figure".

thereof were such as to arouse and inflame the jury against appellant. The letter set forth complaints about the food given to prisoners, and asserted that white people were fed better than black people, and stated "You all don't like black men and I don't like no white man". It is argued that the officer was given other samples of McDonald's handwriting and these could have been used in making the comparison instead of the letter here under discussion. Counsel for appellant questioned Chandler as to whether there were other documents and then asked "Is there any reason in your own mind why these documents were not brought here today and introduced?" Chandler replied "Yes, sir, there is". Defense counsel did not pursue the matter and asked Chandler no further questions with regard thereto. Subsequently, the officer testified that he needed, for comparison, five times the amount of writing that appeared on the check in order to obtain a good analysis, though it is not entirely clear that this was the reason he had in mind.

The court, not once, but twice, instructed the jury that they were to disregard the contents of the letter, and that it was admitted only as being in the handwriting of appellant. There is no showing by McDonald of how the contents prejudiced the jury against him; only the inference that white jurors would have been angered. For that matter, there is no showing of the race of the jurors, i.e., how many white persons and how many black persons were serving on the jury that convicted McDonald. In the case of *Williams* v. *State,* 239 Ark. 1109, 396 S.W. 2d 834, it was contended that certain pictures offered in evidence were inflammatory and that their admission constituted error. This court, citing previous Arkansas cases, and quoting from Wharton's Criminal Evidence Twelfth Edition Volume Eleven, Page 64, held that when photographs were otherwise admissible, and pertinent to proving the charge, the fact that a photograph may be gruesome, or likely to inflame or prejudice the jury, is not a valid objection. We are of the view that the same reasoning applies to letters.[2]

[2]See also *Robinson* v. *United States,* 144 F 2d 392, where an objection was made to the introduction of letters written by appellant and used for handwriting comparison with a ransom note on the basis that the letters were in the nature of involuntary confessions of guilt and therefore inadmissible. The court held the contention to be unsound.

Finally, it is asserted that the trial court erred in failing to grant the motion of appellant for dismissal of the charges against him with prejudice because of the failure of the state to afford the appellant a speedy trial as required by law.

Ark. Stat. Ann. § 22-310 (Repl. 1962) provides that the terms of the Hempstead County Circuit Court shall commence on the first Monday in April and October. The information against McDonald was filed on June 12, 1970; accordingly, the charge was instituted during the April, 1970 term. In *Stewart* v. *State,* 13 Ark. 720, this court, through Chief Justice Watkins, in interpreting a section identical with our present statute, Ark. Stat. Ann. § 43-1708 (Repl. 1964), stated:

"The unavoidable construction of it is, that, in order to entitle the accused to be discharged for such cause, there must be, on the part of the State, *a failure of three terms to bring him to trial, that is to say, at the end of the second term which shall be held after the finding of the indictment.* [our emphasis]"

See also *Ware* v. *State,* 159 Ark. 540, 252 S.W. 934; *Thorne* v. *State,* 247 Ark. 346, 445 S.W. 2d 481.

No action was taken during the October, 1970 term. In the month of July, 1971 (during the April, 1971 term) a motion was filed by appellant seeking dismissal of the information on the basis of an allegation that appellant had not been granted a speedy trial. In the alternative, it was prayed that the case be set down for an immediate trial. The prosecuting attorney filed a response setting out that appellant was not entitled to be discharged under section 43-1708, nor under the decisions of this court, since the statute requires that a defendant be afforded a trial by the end of the second term after the filing of the information, the term in which the information was filed not counting as one of the two terms. The record does not reveal any order made by the court in response to the motion. But, at any rate, in effect there was a denial of same, and in September (still the April, 1971 term) the court set the case for the first day of the October 1971 term, October 4.

Now, when the motion was filed, McDonald was not entitled to a dismissal because *two terms had not elapsed subsequent to the term in which the information was filed* and two terms did not lapse until the end of the day just before the case was set, October 4. On the day of trial however, the motion was not renewed, and in fact, about ten days before October 4, appellant petitioned the court for an order directing the Sheriff of Hempstead County to secure a witness from the Arkansas State Department of Correction to testify on behalf of appellant at the trial. This motion was granted. It thus clearly appears that appellant acquiesced in the setting of the case for October 4.

On the whole case, no reversible error appearing, the judgment of the Hempstead County Circuit Court is affirmed.

It is so ordered.

BROWN, J., not participating.