Johnny Gilbert WITHAM *v.* STATE of Arkansas

CR 75-26                                           524 S.W. 2d 244

Opinion delivered June 23, 1975

*Harmon & Holtoff,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury found appellant guilty of first degree murder and his punishment was assessed at life imprisonment in the Department of Correction. We first consider appellant's contention by his present counsel that the evidence is insufficient to establish premeditation and deliberation, which are essential elements of first degree murder. On appellate review we consider only that evidence most favorable to the appellee and affirm if there is any substantial evidence. *Williams* v. *State,* 257 Ark. 8, 513 S.W. 2d 793 (1974).

The victim, Stanley Wells, was seen entering a 1962 light colored Chevrolet with appellant about 1:30 a.m. on March 12. Later that morning, at approximately 3 a.m., appellant told his brother's girl friend that he and his brother "had really done it this time," "had beaten a man to death," and the body was "at the grave yard on Reynolds Road." She testified that appellant's "shirt had blood on it." "His jeans had blood on them and his shoes were soaked with blood." The light colored Chevrolet was "covered with blood." "[T]he windshield on the driver's side and the whole hood of the car had splatters all over it." The appellant, in her presence, washed the blood off the outside of the car. The appellant showed her a "piece of pipe," which was used in the fatal beating.

The assistant state medical examiner testified that the victim's death was caused by approximately seventeen separate blows to the head by a blunt instrument. The force of the blows caused skull fractures to the extent that the brain was exposed. The victim was identifiable only by fingerprints as a result of these head wounds.

It is well established that the requisite elements of

premeditation and deliberation in first degree murder can be inferred whenever the circumstances justify such an inference. *Robertson* v. *State*, 256 Ark. 366, 507 S.W. 2d 513 (1974); *Walker* v. *State*, 241 Ark. 300, 408 S.W.2d 905 (1966); and *House* v. *State*, 230 Ark. 622, 324 S.W.2d 112 (1959); and *Weldon* v. *State*, 168 Ark. 534, 270 S.W. 968 (1925). In *Weldon* we specifically recognized that the manner in which a deadly weapon is used can be sufficient to justify a finding by the jury that the weapon was used with a premeditated and deliberate intent to kill. In the case at bar, we are firmly of the view that the savagery of this attack by repeated blows to the head to the extent the victim was unrecognizable is ample substantial evidence from which the jury could infer the premeditated and deliberate intent to kill.

Neither can we agree with appellant's assertion that photographs of the deceased's body served only to inflame the minds of the jurors. The court limited these photographs to those depicting the scene of the crime and the decedent's condition there. In *Perry* v. *State*, 255 Ark. 378, 500 S.W.2d 387 (1973), we said:

> We agree with appellant that these admitted should have been rejected if their sole effect was to inflame the passions of the jurors against him. **** Otherwise, the admission and relevancy of photographs are matters resting largely in the discretion of the trial judge. **** An objection that photographs tend to inflame or prejudice the jury is not valid, if they are otherwise properly admissible.

Suffice it to say that the pictures were certainly relevant as an aid to the jury from which it could infer the essential elements of first degree murder, which are disputed by appellant. It is difficult to perceive that one could kill another in such a savage manner, as here, and then be permitted to shield himself by the exclusion of these photographs, which corroborate witnesses and so accurately depict the ferocity of the attack apparently upon an unarmed victim.

Appellant also asserts that a tire was improperly admitted into evidence because the state failed to establish a

proper chain of custody of a tire during a six day interval after the sheriff impounded the car. Therefore, appellant contends that someone could have "changed" or switched the tire, which was permitted into evidence. Tread indentations from the tire, which were taken from the impounded 1962 white Chevrolet, matched the tire tracks found at the scene of the crime. It is not contended that this is not the car connected with the offense. A witness saw the victim enter the same car just an hour or so preceding the murder. Shortly afterwards, another witness observed the car covered with blood and saw appellant wash blood off the automobile.

In *Fight* v. *State*, 254 Ark. 927, 497 S.W.2d 262 (1973), we said "[T]he purpose of the chain of identification is to prevent the introduction of evidence which is not authentic." In *Freeman* v. *State*, 238 Ark. 804, 385 S.W.2d 156 (1964), appellant contended that it was not established that a shell and three empty cartridges were the same as the ones in the gun at the time of the shooting. In affirming, we said "[T]hey were found in appellant's gun soon after the shooting, and there was no evidence to show the gun was tampered with in the meantime." In the case at bar, the tire was removed from the car connected with the alleged crime and there is no evidence or hint of any that the tire was tampered with during the six day interval that the sheriff had impounded the car.

Affirmed.