Willard L. MARTIN *v.* STATE of Arkansas

CR 75-75                                    527 S.W. 2d 903

Opinion delivered September 15, 1975

*Buford Gardner, Jr.,* Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Terry Kirkpatrick,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of second degree kidnapping in violation of Ark. Stat. Ann. § 41-2308 (Supp. 1973). His punishment was assessed at three years in the State Department of Correction. We first consider appellant's contention for reversal that the evidence was insufficient to justify the verdict and, therefore, the court erred in not directing a verdict of acquittal. We cannot agree.

It is well established that on appeal we consider only that evidence, and all reasonable inferences deducible therefrom, which is most favorable to the appellee and if it is substantial, we affirm. *Witham v. State,* 258 Ark. 348, 524 S.W. 2d 244 (1975); and *Williams v. State,* 257 Ark. 8, 513 S.W. 2d 793 (1974). The prosecutrix identified the appellant as the individual who kidnapped her on August 7, 1969. She testified that the appellant, a stranger, came to her door asking for a drink of water, which she provided. When she complied with his second request, he jerked her from the doorway of her house, dragged her around the house and said he was going to take her with him. He told her she was going to "stay all night with him." She continued to resist and he threatened her by placing a knife to her throat, saying he would kill her if she did not "get over the fence." After crossing the fence, he dragged her into a field on the other side of another fence and into the edge of some woods. During this time he asked her "if I wanted to do anything." Following her refusal and continued entreaties, he returned her to the house. During her struggle with the appellant, she noticed the name "Billy" tattooed on his shoulder. Several other witnesses identified appellant as being in the rural area within approximately four miles of the scene of the kidnapping some two days before the alleged offense. It appears he was a nonresident hitchhiker attempting to locate a relative in the community. There were witnesses who testified that the physical condition of the field near the house indicated the struggle described by the victim. We hold the evidence was amply substantial to support the jury's verdict. The appellant's alibi that he was in another state at the time was a matter for the jury to consider in resolving the conflicting evidence.

We next consider appellant's assertion that the court erred in not striking the testimony of certain witnesses who observed, as previously indicated, the appellant in the vicinity a few days before the alleged kidnapping. It is appellant's argument that the testimony of these witnesses is neither material nor relevant to the issue because his whereabouts two days before the crime has no relation to the proof of his committing the crime. We disagree. It is well settled that evidence is relevant and admissible if it tends to prove an issue or constitute a link in the chain of proof, even if other

evidence is required to supplement it. *Harris* v. *State,* 239 Ark. 771, 394 S.W. 2d 135 (1965); *Williams* v. *State,* 237 Ark. 569, 375 S.W. 2d 375 (1964); *Glover* v. *State,* 194 Ark. 66, 105 S.W. 2d 82 (1937); *Tullis* v. *State,* 162 Ark. 116, 257 S.W. 380 (1924); and *Austin* v. *State,* 14 Ark. 555 (1854).

Appellant also contends that the court erred in admitting into evidence two photographs of the appellant which were taken approximately two years after the alleged offense. We disagree. One of the photographs depicts the name "Billy" on the left upper arm. The victim testified that she observed this tattoo during her struggle. Another picture showed the words "Crime don't pay" tattooed on his chest. The photographer identified the pictures as being an accurate representation of the appellant in 1970. A witness who observed the shirtless appellant in the vicinity a few days before the offense testified that he noticed the chest tattoo and that the photograph was a correct representation of what he saw at that time.

The test of whether photographs are admissible as evidence is the fairness and correctness of the portrayal of the subject depicted. Also the admissibility of photographs is largely within the sound discretion of the trial court, which we do not disturb unless there is an abuse of discretion. *Wheeler, Adm'x* v. *Delco Ben.,* 237 Ark. 55, 371 S.W. 2d 130 (1963). In the case at bar, we are of the view the photographs properly met the requisite standard and the court did not abuse its discretion.

Neither can we agree with appellant that he was denied the right to a speedy trial. Appellant invokes the terms of Ark. Stat. Ann. § 43-1708 (Repl. 1964) and argues that he was not brought to trial as the statute requires before the end of the second term of the court having jurisdiction of the offense. The trial court found the appellant was not denied a speedy trial inasmuch as he refused to waive extradition from another state where he was serving a prison term and that the Arkansas officials had acted in good faith in attempting to extradite him. In fact, it is admitted that the appellant was "during all this time, resisting his return to Arkansas for trial." Appellant cannot refuse to waive extradition and at

the same time contend he is being denied a speedy trial within the terms of our two term discharge statute. § 43-1708, *supra. Thorne* v. *State,* 247 Ark. 346, 445 S.W. 2d 481 (1969). Cf. *Morris* v. *Wyrick, Warden,* 516 F. 2d 1387 (8th Cir. 1975).

Subsequent to appellant's brief by his counsel, the appellant additionally contends, *pro se,* that Ark. Stat. Ann. § 43-1602 (Repl. 1964) requires the kidnapping charge filed against him on December 5, 1974 (five years after the alleged offense) be dismissed. This statute provides that an indictment or information in a felony, such as here, be filed within three years of the commission of the offense. The court found, however, that the original information (which it appears could not be found) was filed within the three year statutory limitation. There is no contention the court's finding is contrary to the evidence. Furthermore, Ark. Stat. Ann. § 43-1604 (Repl. 1964) provides that whenever a defendant is a nonresident, as here, the time limitation does not apply. *Grayer* v. *State,* 234 Ark. 548, 353 S.W. 2d 148 (1962).

Affirmed.